## MOSLEY v. HARKINS.
### No. 5251.

Court of Civil Appeals of Texas. Amarillo.
Jan. 20, 1941.

Carl Gilliland and W. H. Russell, both of Hereford, for appellant.

E. O. Northcutt, of Amarillo, for appellee.

310

FOLLEY, Justice.

This is the second appeal of this case. The opinion of this court disposing of the first appeal may be found in 134 S.W.2d 706.

This is a suit for damages for malicious prosecution filed by the appellee, Darrell Harkins, against the appellant, J. R. Mosley. The appellee recovered judgment against the appellant upon a jury's verdict for $2,000, of which amount $1,500 was actual and $500 was exemplary damages, as found by the jury.

The suit grew out of a criminal case in the District Court of Deaf Smith County, Texas, in which the appellee was indicted by a grand jury on a felony charge of embezzling $325 belonging to the appellant. The appellee was duly tried upon the indictment and acquitted by a jury in response to a directed verdict.

The appellant complains of the action of the trial court in this cause in overruling his general demurrer to appellee's petition. · It is our opinion the pleading was not subject to a general demurrer. Without going into detail as to the petition suffice it to say that the allegations thereof contain substantially the essential elements of such a cause of action as are adequately expressed in 38 C.J. 386, § 5, in the following language: "(1) The commencement or continuance of an original criminal or civil judicial proceeding. (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding. (3) Its bona fide termination in favor of the present plaintiff. (4) The absence of probable cause for such proceeding. (5) The presence of malice therein. (6) Damage conforming to legal standards resulting to plaintiff."

The appellant also asserts the court erred in refusing to direct a verdict in his behalf at the conclusion of the testimony. We are of the opinion there was sufficient evidence to require the submission of the case to the jury. The issues of fact were substantially the same as the above named essential elements of a suit for malicious prosecution, all of which issues were answered favorably to the appellee and in conformity to the judgment rendered.

In this connection we think the testimony adequately supports such findings. The controversy had its inception in 1937 by virtue of an agreement between the appellant and the appellee concerning some plowing done for others under the direction of the appellee with the machinery of the appellant. Although the terms of this agreement were in sharp controversy the jury apparently adopted the appellee's version of the same. It appears from his testimony that it was agreed the appellant would furnish the tractors and plows to do plowing at a price of about 50¢ per acre; that appellee was to oversee and superintend the work, hire the employees and pay them out of the proceeds received from the plowing and pay such other necessary, and incidental expenses as might accrue from time to time; and that after all such expenses were paid the remainder of the proceeds were to be divided equally between the appellant and the appellee. The appellant's testimony was to the effect that the appellee was hired only as an employee at $3 per day and that he was to have no interest in the proceeds from the plowing.

At any rate the work began with one tractor and plow about June 14, 1937. About July 7th, following, an additional tractor and plow were added to the work. From then until August 12, 1937, both tractors and both plows were used in the plowing. The machines were kept running day and night, there being two men employed on each tractor at wages of $3 per day. The appellee testified that these employees were constantly drawing wages all during the operations up until August 12, 1937. It will therefore be seen that the expenses for labor alone for the first twenty-three days, or until July 7th, was $138 for the two employees at $3 each per day upon the first tractor, and that for the next thirty-seven days such labor bill would have amounted to $444 for the four employees up to August 12th, or a total labor expenditure of $582. In addition to this there were other expenses for repairs upon the machinery from time to time, the exact amount thereof not having been shown by the evidence. The appellant admitted that he did not pay any of such expenses after July 8, 1937. According to appellee's version all of such bills were paid by him after the first week of the plowing.

From June 14th to August 12th about 2,983 acres of land were plowed, some of it at 50¢ per acre and some of it at 40¢ per acre. The total amount earned in such period for the plowing amounted to the sum of $1,272.80. Of this amount the appellee collected from the landowners $649, leaving a balance due for the plowing in

the sum of $623.80. No showing was made in the testimony as to whether or not the appellant collected this balance. However, it was shown that $649 was all of the money collected by the appellee. The appellee testified that he expended over $500 of the amount he collected in payment of the expenses incidental to the plowing and checks were introduced by him showing a total expenditure of $483.45. He further testified without contradiction that a considerable number of checks other than these had been given by him but had been lost after their introduction into evidence in the trial of the criminal case.

Notwithstanding the above facts, at the January, 1938, term of the District Court of Deaf Smith County the appellant voluntarily appeared before the grand jury of such county and testified that the appellee had collected $649 of appellant's money which the appellee was to have used in paying certain bills but that he had left the state with the money and without paying any of the bills. It was sufficiently shown that it was upon this testimony that the grand jury indicted the appellee for embezzling one item in the sum of $325 collected by him from a Dr. West whose land the appellee had plowed during the summer of 1937. This $325 was a portion of the $649 collected by the appellee. The appellant admitted in his testimony in the present record that he did not tell the grand jury about the bills the appellee had paid with the money collected from the plowing. The only excuse offered for not divulging such facts to the grand jury was, as expressed in his own language, "I don't see why I would".

The testimony further shows that the appellee was indicted and thereupon arrested in the State of Arizona under process issued in the criminal case. He was placed in jail in Phoenix, Arizona, where he remained four days. He was finger-printed and photographed by the officers at Phoenix and returned under arrest to Hereford, Texas, by the sheriff of Deaf Smith County. He was escorted about the town of Hereford among his friends and acquaintances in the custody of a deputy sheriff in an effort to make bond. He made bond and was released to appear later for his trial. At his trial, which resulted in his acquittal, the appellant appeared against him as a witness.

We think the evidence conclusively shows that the appellant had no probable cause to institute a criminal proceeding against the appellee. The presence of malice is admitted by the appellant in his brief and notwithstanding such admission we think it was clearly shown. The resultant damages, both actual and exemplary, were also sufficiently established. We therefore hold there was no error in the refusal of the court to peremptorily direct a verdict for the appellant.

■ The appellant assigns as error the action of the court in overruling his objections to the introduction of evidence to the effect that in the summer of 1937 the appellee offered to compromise or arbitrate his differences with the appellant and that the appellant refused to do so. While we recognize the general rule that offers of compromise are inadmissible in the trial of a case (17 Tex.Jur. 561, para. 233), such rule has no application to the situation here presented. The purported offer of compromise was not in connection with the liability or asserted claims involved in this suit but concerned a prior controversy for which the appellee is seeking no recovery herein. In other words, the appellee is not attempting to recover for the debt which was in controversy between the parties in 1937 but in this suit seeks only to recover damages arising from the alleged malicious prosecution. Under such circumstances we think the testimony was admissible in this suit as bearing upon the issues of malice and probable cause.

■ The appellant further complains of the introduction in evidence of finger prints and photographs of the appellee taken at the time of his arrest in Phoenix. No objection was made to the testimony offered by the appellee to the effect that he was photographed and finger-printed when he was arrested in Arizona but the only objection was as to the introduction of such exhibits themselves in evidence. We think it is reasonable to assume that the conduct of the Arizona officers in securing the photographs and finger prints of the appellee was the direct and proximate result of the criminal prosecution in Texas and that the same would naturally follow such a prosecution, just as much so as that the appellee would be arrested, placed in jail and thereafter tried upon the charge. Moreover, after the introduction without objection of the testimony concerning the taking of the photographs and the finger prints, we fail to discern any result-

ing harm to the appellant by the introduction of the exhibits themselves.

The appellant's next complaint is with reference to special issue No. 4 of the court's charge. This issue inquired of the jury as to whether the jury found by a preponderance of the evidence that the appellant did not submit to the grand jury a full, fair and correct statement of the material facts relative to the transactions between him and the appellee. The appellant objected to such charge on the ground that such issue assumed that it was the duty of the appellant to submit to the grand jury a full, fair and correct statement of the material facts relative to his transactions with the appellee even though some of the facts relative thereto may not have been known to the appellant. We think the issue was not subject to such criticism. The interrogation could reasonably be construed as inquiring only about matters within the knowledge of the appellant. Furthermore, under appellant's own admissions in the testimony of this case, it is our opinion this issue became immaterial. As above stated, he testified that he did not tell the grand jury that the appellee had paid any bills for labor. On the contrary his testimony before the grand jury was that the appellee had not paid any of the bills. His testimony in the present suit shows that his evidence before the grand jury in this respect was not true. It therefore becomes an uncontroverted fact that the appellant did not submit to the grand jury a full, fair and correct statement of the true and material facts about which the record reveals the appellant was fully cognizant.

The last complaint of the appellant is with reference to the court's refusal to give his specially requested instructions to the jury that the testimony of appellee's acquittal should not be considered by the jury for the purpose of showing malice or want of probable cause and further that it could not be considered in determining whether the appellee was innocent of the criminal charge but could be considered only for the purpose of showing that the prosecution had ended favorably to the appellee. Apparently in response to such request the trial court in a supplemental charge instructed the jury that the evidence in regard to appellee's acquittal might be considered by the jury for one purpose only and that was as to showing the outcome and disposition of the criminal case and for no other purpose whatever. If there was any necessity for the giving of the above requested instructions we think they were amply covered by the instruction actually given by the trial court.

The judgment is affirmed.