114 So.2d 718 (1959)
Roosevelt WILLIAMS, Appellant,
v.
CONFIDENTIAL CREDIT CORPORATION, a Florida corporation, Appellee.
No. 59-3.
District Court of Appeal of Florida. Third District.
October 5, 1959.
William M. Burton, Jr., and Charles H. Wakeman, Jr., Miami, for appellant.
Courshon & Courshon and Alan R. Lorber, Miami Beach, for appellee.
PEARSON, Judge.
The plaintiff in an action for malicious prosecution appeals from a summary final judgment for the defendant. The judgment *719 was entered upon the complaint, answer and two affidavits submitted by the defendant.
The complaint alleges that the defendant's agent appeared before a justice of the peace and falsely and maliciously charged the plaintiff with having unlawfully concealed and transferred out of the State of Florida certain personal property upon which the defendant held a mortgage. The complaint further alleged that a warrant was issued upon the charge made and that the defendant was taken into custody by the police department of Memphis, Tennessee. It is then alleged in the complaint that the plaintiff was brought before the General Sessions Court of Shelby County, Tennessee and acquitted of the charges contained in the warrant. To this complaint the defendant filed a general denial and two affirmative defenses. The first affirmative defense alleges that the defendant acted in good faith and upon the advice of its attorney. The second affirmative defense alleges that the defendant acted upon the advice of the justice of the peace after a full disclosure to said justice of the peace.
The first affidavit offered in support of defendant's motion for summary judgment was the affidavit of its president setting forth that: 1) a certain Roosevelt L. Williams (it is noted that the plaintiff in this cause is identified as Roosevelt Williams) was indebted to the defendant corporation, and that as security for said debt the defendant held a mortgage on certain household furnishings, 2) the said debtor disappeared from the State of Florida, 3) the account was turned over to its attorney for collection, 4) said attorney determined that the debtor was a resident in the City of Memphis, Tennessee, at a certain address and that attempts were made to contact said debtor by letters directed to the Memphis address (it is noted that the letters were addressed to "Roosevelt Williams"), and 5) no reply was received from the letters.
The second affidavit was that of the attorney for the defendant. He set forth the investigation that he had made in order to trace the debtor to the supposed address in Memphis, Tennessee, and the reasons that he had for believing that the person located in Memphis, Tennessee, was the debtor.
There can be no doubt that the plaintiff's complaint alleged sufficient facts to state a prima facie case. The question therefore is whether the defendant's two affidavits stated sufficient facts to preclude the existence of the cause of action. The law applicable to this problem has been very well stated in a dissenting opinion written by Judge Horton in Mitchell v. Time Finance Service, Inc., Fla.App. 1958, 102 So.2d 733. As therein set forth, the burden of proving, at the trial, a lack of probable cause would be upon the plaintiff-appellant. Ward v. Allen, 152 Fla. 82, 11 So.2d 193; Glass v. Parrish, Fla. 1951, 51 So.2d 717. Here, the defendant-appellee has undertaken to show that lack of probable cause could not exist because a) its good faith, demonstrated by its investigation, b) it acted upon the advice of its attorney, c) it acted upon the advice of a justice of the peace. Good faith is an element of probable cause but it is not always determinative. People vary in the degree of their credulity and therefore in the weight of the facts necessary to convince them that another person is guilty of having stolen from them. Cf. Glass v. Parrish, supra.
The question presented by the motion as supported by the affidavits is whether or not the defendant conclusively demonstrated that his investigation was such that reasonable men must say that there was probable cause. The affidavits do not effectively establish this point. The existence of probable cause is essentially a mixed question of law and fact. Anderson v. Bryson, 94 Fla. 1165, 115 So. 505.
*720 The attempted defense of full disclosure and reliance upon the opinion of a justice of the peace is not sufficient. Although individual justices of the peace may have broad experience and knowledge of the law, the courts may not conclusively presume that they are qualified to determine whether probable cause for an arrest exists. This is especially true in Florida where such officers are not required to have legal training. Cf. Killen v. Olson, Fla. 1952, 59 So.2d 524. See authorities collected at 34 Am.Jur., Malicious Prosecution § 73, and 54 C.J.S. Malicious Prosecution § 48(c).
The attempted defense of reliance upon the advice of counsel is likewise unavailable under these facts. This is true because the advice of the attorney was not upon a legal matter but upon a question of fact; i.e., where is Roosevelt L. Williams, who owes us money? One is not protected by the advice of his lawyer as to the existence of facts. The purpose for the exception to liability, allowed to those who act in matters of law upon the advice of their attorney after a full disclosure of the facts to said attorney, is upon the basis that one may demonstrate his good faith by his reliance upon an expert legal opinion. Levy v. Adams, 140 Fla. 515, 192 So. 177.
One additional matter must be pointed out upon this record. The motion for summary judgment was heard upon the complaint, the answer and the affidavits as above set out. In an examination of the complaint necessary for a determination of the points in issue, certain discrepancies become apparent. First, it is noted that the complaint recites that the warrant under which the plaintiff was arrested is attached as an exhibit but this exhibit does not appear in the record. This fact is noted inasmuch as it may be important in the future proceedings in this cause. Second, it is noted that the complaint sets forth that the plaintiff was arrested and tried in Tennessee for an offense charged to have been committed in the State of Florida. Such a procedure is not in keeping with the ordinary processes of the law. It may be that the trial judge will wish to require further particulars on this subject. In this connection it is noted that a termination upon the merits of the legal proceeding of which complaint is made, or a failure to prosecute, is necessary to the existence of a cause of action in the plaintiff for malicious prosecution. Therefore if it appears that the plaintiff was arrested in Tennessee and extradition refused, the complaint should be dismissed.
The summary judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
HORTON, C.J., and CARROLL, CHAS., J., concur.