Ivan **LLOYD**, Appellant,

v.

**ALMEDA STATE BANK** et al., Appellees.

No. 3832.

Court of Civil Appeals of Texas.

Waco.

May 18, 1961.

Rehearing Denied June 8, 1961.

Herman D. Voorhees, Gordon L. Moise, Houston, for appellant.

Vinson, Elkins, Weems & Searls, Sam Davis, Jr., Baker, Botts, Andrews & Shepherd, Richard Miller, Andrews, Kurth, Campbell & Bradley, Homer Mabry, Houston, for appellee.

TIREY, Justice.

This is a tort action against Almeda State Bank and a suit for malicious prosecution against Kroger, Inc., and Edward J. Mosher, Harvey K. Pennel, and Thomas Rowan, Individually and doing business as Dub'l Chek System of Texas. The suit against the bank was based on allegations that it failed to honor certain checks issued by plaintiff, a depositor of said bank and that as a consequence and as a direct and proximate result certain criminal complaints were filed against the plaintiff and the plaintiff was charged with passing a worthless check. The suit against Kroger, Inc., and the other defendants was based on allegations to the effect that either Kroger, Inc., or the other defendants, had given information to the District Attorney's office, which information caused the District Attorney's office to file the criminal complaints charging the appellant with passing a worthless check. These pleadings were not in the alternative but were made in separate counts in one pleading. When plaintiff rested his case the court granted each of the defendants' motions for instructed verdict and entered a take-nothing judgment against plaintiff and in favor of each of the defendants and taxed plaintiff with the costs. At the request of plaintiff, the court filed findings of fact and conclusions of law. They are substantially to the effect: (1) That on and prior to May 7, 1957, plaintiff Ivan Lloyd and his wife, Sarah Lloyd, had a joint account in the bank at Houston, Texas, which provided that checks would be honored when signed with the signature of "Ivan Lloyd" or the signature of "Sarah Lloyd" and that on or about May 7, 1957, said account had deposited to the credit of plaintiff and his wife the sum of $173.45. Said account had been opened on April 19, 1957 with a de-

posit of $325; (2) That on or about May 1, 1957, plaintiff cashed three checks drawn on the bank at a Henke & Pillot Store, payable to Henke & Pillot in the amounts of $20, $20 and $5 respectively. These checks bore the name of "Ivan Lloyd" as maker, but it is shown a year later that such checks were actually drawn by Sarah Lloyd; (3) That Henke & Pillot was at that time and is now owned and operated by defendant Kroger, Inc.; (4) That said signature was not the signature of plaintiff but the name "Ivan Lloyd" was written by Sarah Lloyd, wife of the plaintiff; (5) That said checks were returned by the bank on or about May 15, 1967 (proof shows 1957) with the written notation "signature not like on file;." (6) That said checks were marked "account closed" by bank in August, 1957, when said checks were again presented to it, in fact at a time when the account had been closed; that from April 19, 1957 until May 15, 1957, Ivan Lloyd had signed a number of checks that were cashed and Sarah Lloyd had signed with her name "Sarah Lloyd" on the other checks and in addition the bank had previously paid at least three checks on which the signature of "Ivan Lloyd" was written by Sarah Lloyd, wife of the plaintiff; (7) Ivan Lloyd gave a check to Joe Francois on May 6, 1957, which was not honored by the bank for the reason: "Signature not like on file" and after this check was brought to the attention of plaintiff and his wife when they went to the service station of said Francois, they no longer signed checks in this manner; (8) That on August 29, 1957, plaintiff and his wife closed their joint account at Almeda State Bank; (9) That July 17, 1957 was the last day on which plaintiff had deposited in his account in the bank a sum in excess of $5 being $8.15. July 10th was the last day on which plaintiff had deposited to his account in the bank a sum in excess of $20 being $26.65, and May 27, 1957, was the last day on which the plaintiff had deposited to his account a sum in excess of $45 the total of the foregoing three checks being $50.62; (10) On May 12, 1957, when the three checks were first presented to the bank, the alleged signature of the maker was not like that on file and as authorized by the signature card at the bank; (11) When the three checks were again presented to the bank after August 29, 1957, the account of Ivan Lloyd and Sarah Lloyd had been closed; (12) The three checks in the amounts of $20, $20 and $5 respectively showed the address of Ivan Lloyd to be 2405 Delafield Street, Houston, Texas, and F. P. Riley attempted to locate him at that address and left written notice at said address about these checks and said Ivan Lloyd was actually living at 1302 Barbee Street, Houston, Texas on May 1, 1957, and for a short time thereafter; that plaintiff moved from Houston to Troup, Texas about May 15, 1957, and did not notify Henke & Pillot or F. R. Riley thereof; (13) That Ivan Lloyd and wife, Sarah Lloyd, kept stubs of their checks and knew when they received their monthly statements and cancelled checks from the bank that these three checks were still outstanding at the end of May, June, July, and when he closed his account in August 1957; (14) That on September 19, 1957 the Harris County District Attorney charged plaintiff by information and complaint signed by George E. Miller and Rosa Mae Florey of the District Attorney's office in County Court at Law No. 4 of Harris County, with the following offense: "Passing worthless check", and that the District Attorney's office was acting upon information furnished by F. P. Riley in that he surrendered said three checks to the District Attorney and made written answers to questions on written form provided by the District Attorney; (15–16) That Riley was acting within the scope of his employment at such time and did not disclose all information to the District Attorney's office concerning said checks; (17) In November, 1957, plaintiff had returned from Troup to Houston and was notified at that time that he had not paid these three checks and at that time he agreed to pay them off by paying so much a week which he did not do; (18) That subsequently on April 16, 1958, plaintiff was arrested and placed in the Har-

ris County Jail; (19) That on the following day, plaintiff made bond of $400 and was released from jail; (20) That immediately after the arrest, Lloyd and his wife and his attorney, started negotiations to have said complaint compromised and dismissed and agreed with the District Attorney to pay the unpaid amount of the three checks if said complaint would be dismissed, and shortly thereafter Ivan Lloyd carried out his part of said compromise and paid or caused to be paid the unpaid amounts on said three checks, and thereafter without the plaintiff revealing to the District Attorney that he had not in fact signed the checks on April 30, 1958, the criminal charge against plaintiff was compromised and dismissed on motion of the District Attorney; (21) That defendant, Dub'l Chek System of Texas was acting at all times material herein as an independent contractor. The court concluded: (1) That defendant bank was not negligent in refusing to honor the three checks made the basis of the complaint against plaintiff, because when they were presented to it in May, 1957, the signature was not like the one on file and when said checks were presented to it in August, 1957, the account was closed, even though the bank had honored other checks with the same forged signature; (2) That defendant Kroger, Inc., is not liable for any acts of Dub'l Chek System of Texas; (3) That defendant Dub'l Chek System of Texas acted upon probable cause in furnishing information to the District Attorney of Harris County; (4) That Dub'l Chek System of Texas did not act with malice in furnishing information to the District Attorney; (5) That dismissal of the criminal charge was not a finding of "not guilty", but was a compromise with the plaintiff.

■ The findings of fact are not assailed, and we think the statement of facts shows that they are without dispute. Appellant assails the judgment on six points. Points one, two and three complain of the court's action in granting an instructed verdict in favor of the defendants. We overrule each of the foregoing contentions

for reasons which we shall hereafter briefly state. First of all, the bank correctly refused to honor each of the three checks with the forged name of appellant, and by reason thereof, it cannot be liable to appellant for doing exactly that which it contracted to do. Moreover, finding of fact No. 10 is to the effect that the alleged signature of the maker was not like that on file, and as authorized by the signature card at the bank. It was the duty of the bank to carry out its contract with its depositor, and it having done so, surely the depositor cannot claim any relief against the bank because it did its duty. Surely no citation of authorities is needed to sustain the bank's action.

■ We see no error in the court's action in granting the motion for instructed verdict in favor of defendant Kroger, Inc. First of all, it was stipulated that the three checks in question totaling $45 turned over to the district attorney in the early part of September, 1957, had been assigned to the Dub'l Chek System of Texas by Henke and Pillot or Kroger, Inc., and that this assignment had been made sometime prior to the time they were turned over to the District Attorney's office, and that the Dub'l Chek System of Texas was the owner of the checks at the time they were turned over to the District Attorney's office. The court further found that the Dub'l Chek System of Texas was an independent contractor and the proof conclusively supports that finding. We are of the further view that the court did not err in granting the motions for instructed verdict for each of the other defendants.

■ We have previously stated that the cause of action alleged by plaintiff against all the defendants, save and except the bank, is one of malicious prosecution. The findings of fact and the statement of facts conclusively show that plaintiff compromised the criminal complaint and made a trade with the District Attorney by which the plaintiff paid-off the outstanding checks in order to bring about a dismissal of the

complaint, and he did make a restitution before he obtained a dismissal of the complaint. As above stated, the three checks in question totaling $45 were cashed by plaintiff which bore the name of Ivan Lloyd as the maker, but which were actually signed by his wife, Sarah Lloyd. These checks were given about May 1, 1957. These checks show his address as being 2405 Delafield Street, Houston, but as a matter of fact he was living at 1302 Barbee Street, Houston, and by May 15, 1957, he moved from Houston to Troup, Texas, and that he and his wife both knew these checks were outstanding at the end of May, June and July, when he closed his account in August. Lloyd was charged by the District Attorney in 1957 for passing a worthless check, and in November 1957 he had returned from Troup to Houston and was notified that these checks had not been paid. He was arrested on April 16, 1958, and immediately after his arrest he and his wife and his attorney started efforts to have said complaint compromised and dismissed and agreed with the District Attorney to pay the unpaid amount of these three checks if said complaint would be dismissed. Lloyd testified in part:

"Q. You heard the testimony of Mr. Whatley (the Assistant District Attorney) that he demanded a full disclosure and repayment of the money before he would dismiss the charges, did you not? A. Yes, Sir.

"Q. And that was one of the conditions that he be told everything about it? A. As far as I know, Yes, Sir."

Lloyd further testified to the effect that after the District Attorney told him that he would have to get the money and pay-off the checks in question before the criminal complaint was dismissed, that he agreed to do so, and did do so and did deliver the money or caused it to be delivered and paid-off in satisfaction of the three checks and that he did it for the purpose of getting the criminal case dismissed. Lloyd carried out his part of the compromise and paid or caused to be paid the three checks and thereafter, on April 30, 1958, the criminal charge against Lloyd was compromised and dismissed on motion of the District Attorney. The evidence conclusively shows that none of the defendants last named were acquainted with Lloyd and that none of them had any ill will toward him. Moreover, the plaintiff knew that the checks had not been paid and he was absent from Houston for a long time before the complaint was filed. Surely under the foregoing undisputed factual situation the plaintiff was estopped to claim that there was not probable cause for filing of the complaint. In Texas there are three elements necessary to sustain a cause of action for malicious prosecution, they are: "The essence of the action for malicious prosecution is causing legal process to regularly issue for the mere purpose of vexation, annoyance, or injury, and three elements are required to establish a case of malicious prosecution: First, that the suit was instituted with malice; second, that it was brought without probable cause; and, third, that the malicious action has terminated in the acquittal or discharge of the person claiming damages." See Johnson v. State Board of Morticians, Tex.Civ. App., 288 S.W.2d 214, Points 3-5, page 217, n. w. h.

There is no doubt that the trial court was of the view that the dismissal of the criminal charge was a compromise with the appellant, and that the appellees acted upon probable cause in furnishing information to the District Attorney about these worthless checks, and that the appellees did not act with malice in furnishing information to the District Attorney. We share this view. It is our further view that the compromise of this criminal case amounted in law to an admission that there was probable cause, and that it also estopped the appellant from claiming that he was acquitted since there was probable cause, and this being conclusively shown there was no basis for a malicious prosecution suit by appellant. The compromise of this criminal complaint is a bar to the appellant's

**952**

right to recover and this is not only the rule in Texas, but we think it applies throughout the nation. See the following authorities: Sullivan v. O'Brien, Tex.Civ. App.1935, 85 S.W.2d 1106, Point page 1115, w. ref. See also 38 C.J. page 443, Note 12; Page 444, Note 13; Page 445, Note 19 and 54 C.J.S. Malicious Prosecution § 58, page 1026; Annotations in 67 A.L.R. page 513; Nelson v. National Casualty Company, 179 Minn. 53, 228 N.W. 437, 67 A.L.R. 509; Davidson v. First State Bank, Tex.Civ.App., 310 S.W.2d 678; Leonard v. George, 4 Cir., 178 F.2d 312; 34 Am.Jur. p. 726; Maytag Southwestern Co. v. Wightman, Tex.Civ. App., 81 S.W.2d 713; Montgomery Ward & Co. v. Kirkland, Tex.Civ.App., 225 S.W. 2d 906; 28 Tex.Jur. 456, 461 and 471. As we understand the rule in Texas in order for plaintiff to recover for malicious prosecution he must show that he was not guilty, that he was acquitted, and that there was no probable cause for prosecution, and that same was brought about by malice; the mere fact that there was probable cause is a complete defense, 28 Tex.Jur. 456, supra. Since it is undisputed that the criminal case was disposed of by compromise, and that the compromise was brought about by appellant, he, thereby admitted that there was probable cause. Moreover, the appellant had the burden of proving there was no probable cause, and he failed in this regard, and in addition thereto, it clearly appears that as a matter of law there was a probable cause, and there could be no recovery as against these appellees. Moreover, the plaintiff having failed to prove malice there was an additional reason why he could not recover. Malice and probable cause are two independent factors and both must be proved before there can be a recovery in a case for malicious prosecution. Both of these being absent, plaintiff was not entitled to recover. See Jameson v. Zuehlke, Tex.Civ.App., 218 S.W.2d 326, n. r. e; Points 5 and 7, p. 330; Mosley v. Harkins, Tex.Civ.App., 147 S.W.2d 309, Points 1 and 2, n. w. h.

We have considered each of the other three points of appellant and we find each to be without any merit whatsoever, and each is overruled. Finding no reversible error, the judgment of the trial court is in all things affirmed.