199 So.2d 745 (1967)
Jerrold FREEDMAN, Appellant,
v.
CRABRO MOTORS, INC., a Florida Corporation, and J.F. Furlong, Appellees.
No. 66-765.
District Court of Appeal of Florida. Third District.
June 6, 1967.
*746 Mark Silverstein, Harry Arthur Greenberg and Norman K. Schwarz, Miami Beach, for appellant.
Taylor, Brion, Buker, Hames & Greene, Miami, for appellees.
Before HENDRY, C.J., and PEARSON and CHARLES CARROLL, JJ.
CHARLES CARROLL, Judge.
This appeal is by the plaintiff below from an adverse judgment predicated upon a directed verdict at the close of the evidence, in an action for malicious prosecution.
The plaintiff purchased an automobile from the defendant automobile dealer, Crabro Motors, Inc. In making the purchase the plaintiff signed his wife's name to a retail installment contract calling for deferred payments aggregating $248.43. Upon a default the dealer corporation, through its agent the defendant A.F. Furlong, made an affidavit charging the plaintiff Jerrold Freedman with having defrauded the dealer of the above amount by forging his wife's name on the contract. Freedman was arrested on a warrant issued upon that affidavit. When the matter came on for preliminary hearing before a magistrate the complaining witness failed to appear and the accused was discharged. Thereafter Freedman filed this action for malicious prosecution against the dealer corporation and Furlong.
The appellant challenges the propriety, on the record, of the direction of a verdict for the defendants. We find no error, and affirm.
One of the elements essential to the maintenance of such an action is that there shall have been a bona fide termination of the criminal proceeding in favor of the accused. Tatum Brothers Real Estate & Investment Co. v. Watson, 92 Fla. 278, 190 So. 632, 636; Community National Bank of Bal Harbour v. Burt, Fla.App. 1966, 183 So.2d 731, 733.
The plaintiff can not rely on the termination of the criminal proceeding in this instance, because the failure of the complaining witness to appear and prosecute, which resulted in the dismissal of the charge against the accused, was not bona fide in that it was bargained for and obtained by the accused on his promise of payment or "restitution." Williams v. Confidential Credit Corporation, Fla.App. 1959, 114 So.2d 718, 720; Hargadine v. Sharkey, 1956, 8 Ill. App.2d 209, 131 N.E.2d 134, 142; Lloyd v. Almeda State Bank, Tex.Civ.App. 1961, 346 S.W.2d 947, 951; 54 C.J.S. Malicious Prosecution § 58; Annot. 67 A.L.R. 513.
That result is not altered by the fact that there was a conflict in the evidence as to the nature of the agreement or arrangements for the "dropping" of the criminal charge. According to the defendants an agreement was made with the plaintiff not to proceed with the prosecution if the plaintiff and his wife paid the balance owed on the automobile; that they paid part thereof before the dismissal of the criminal proceeding; and paid the balance thereafter. The position of the plaintiff was that an agreement in that form was not made, but that in response to his proposal the defendant dealer agreed that he would "consider" dropping the charge if such payments were made. The payment of the indebtedness was undertaken prior to the time of the preliminary hearing, and the dealer did refrain from prosecution. Regardless of which of the two versions of the agreement was the one actually made and acted upon, the result was the same, that is, the dealer refrained from prosecuting in return for the offer of the plaintiff to pay the debt, followed by the making of payments as offered.
Affirmed.