McNULTY, Judge.
Appellant was accused of and arrested for shoplifting in one of appellee’s stores. She was acquitted, however, in a subsequent prosecution in the city court of Clear-water. Thereafter, she brought this action for false arrest, false imprisonment and malicious prosecution. The trial judge granted a motion for summary judgment in favor of defendant-appellee and this appeal ensued. We reverse.
The principal question before us, as it was before the trial court, is whether there is a material factual issue framed herein on the existence vel non of probable cause to arrest and prosecute appellant. Appellant in her deposition pictured her actions in the store at the time of arrest as those of a perfectly innocent customer. She was shopping for panties, she said, and was rummaging through a display bin handling several pairs of panties and panty hose in the process. While thus engaged, and because she had some cookies in her hands as well as some of the panties, she put one pair of panty hose (which she had already selected) in her overcoat pocket. She maintains that they were in plain view while in her pocket, i. e., not completely within the pocket, and that she had not had a chance to complete her shopping or go to the check-out counter before she was confronted by the store manager, then and there accused of shoplifting, and detained for the police. She maintains that she did then, as she does now, steadfastly proclaim her innocence.
Needless to say, the testimony of the store manager and two women employees of appellee given at the city court trial, together with their subsequent depositions in this case, portray a vastly different version of the facts. The cumulative and mutually corroborative effect of their stories is that appellant had secreted panties and/or panty hose in the pocket of her dress which was worn under her overcoat (and not in the coat itself as appellant says), and that she also secreted some of the panties in her purse and in a small paper bag. When confronted by the manager, they say, she at first denied secreting the merchandise, but then upon threat of police investigation voluntarily produced them from their hiding places. Additionally, they testified that she admitted secret *209 ing the merchandise with intent to steal it because she had heard of others getting away with it; and she bemoaned the fact that she got caught on her first attempt. It was upon these admissions, the manager stated, that he decided to arrest her forthwith rather than to wait until she left the store, which was the usual company policy.
The trial judge found that:
“The record, . . . must he viewed in the light of whether or not the circumstances as they appeared to the defendant’s store manager and clerk at the time would lead a cautious, prudent person similarly situated to the conclusion that plaintiff was probably shoplifting when accosted ... by [the] manager.
The testimony of the clerk, . and of the store manager, . . .reveals that plaintiff was observed in the store taking from a display table several pairs of panty hose and red panties, some of which she placed in her pocket and some in a brown paper bag.
That when taken into the office by the manager she stated in effect that she did not ‘know what had got into her; that she had never done anything like that before,’ but she thought she would try it, and ‘wouldn’t you know she got caught the first time.’ It is not disputed that she had the panties in her possession and by her own admission had at least some of them in her pockets; that they were not paid for, although it is to be conceded that defendant’s store is a self-service store where customers take the items to the cash register where they are paid for, and plaintiff at the time was still in the store.
The Court finds that the construction placed on the circumstances by defendant’s servants was not unreasonable and that a reasonably prudent person, situated as was the manager at the time, could reasonably believe that plaintiff was shoplifting, particularly when her statements to the store manager are considered in context of the transaction as a whole.”
Now the difficulty here is that these findings of the court are based on appellee’s version of the facts as portrayed by the store manager and its two employees. We can understand this, too, since we find ourselves resisting a strong temptation to view appellant’s version with a jaundiced eye. Nevertheless, her sworn portrayal of all the material and relevant circumstances of this case tends to negate probable cause, thus entitling her to present them to a jury for evaluation in the premises; and a .hundred angels swearing to the contrary cannot deprive her of that right. Summary judgment was therefore improper.
Before concluding, one other point ought be touched upon which relates to the prosecution in city court. When announcing the acquittal of appellant in those proceedings, occurring incidentally on a motion made at the close of the prosecution’s case, the city judge said:
“I will grant the motion for a directed verdict.
Let me warn you there is no doubt in the Court’s mind if you could have gotten away with it, you would have. Your record will be marked, and if you come before this Court again and are convicted of any charge involving shoplifting you will go to jail. Do I make myself perfectly clear?”
Appellee contends here that such comments preclude the conclusion that there was a “bona fide” termination of that case in appellant’s favor so as to satisfy an essential prerequisite to the bringing of a malicious prosecution suit (citing Freedman v. Crabro Motors, Inc. (Fla.App.1967), 199 So.2d 745 and Williams v. Confidential Credit Corp. (Fla.App.1959), 114 So.2d 718). We disagree.
*210 True it is that a bona fide termination in favor of a plaintiff is an essential prerequisite to the bringing of such an action; but that requirement is satisfied if there is an adjudication on the merits in a judicial or quasi-judicial proceeding or if there is a nolle prosequi or declination to prosecute entered in good faith by the prosecutor. Here, there was a judicial proceeding on the merits resulting in an acquittal; and the city judge’s gratuitous comments as to his own suspicions did not operate to vitiate that acquittal nor can they be equated with a finding of probable cause.
Both Freedman and Williams, supra, are miscited in the premises, and each is clearly distinguishable from this case on the question of “bona fide termination” of the prosecution involved. In Freedman the accused bargained with the accuser not to prosecute, in consideration of restitution, resulting in a dismissal of the charge at a preliminary hearing because of the failure of the accuser to appear and testify. Obviously, there was no judicial determination of innocence or of an absence of probable cause. There was, indeed, no prosecution at all. Similarly in Williams, in which the accused allegedly committed a crime in Florida and was arrested in Tennessee, it was properly held that a refusal to extradite by the Tennessee authorities would not amount to an adjudication concerning the merits or the existence vel non of probable cause. Each cause was terminable upon considerations entirely apart from the merits or probable cause, thus were not bona fide terminations within the contemplation of the rule aforesaid.
In view of all the foregoing, therefore, the summary judgment appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed.
PIERCE, C. J., and LOVE, WILLIAM K., Associate Judge, concur.