PER CURIAM.
Plaintiff-appellee, Janina Freshko, joined by her husband, Michael filed the instant suit for malicious prosecution against the defendant-appellants, G. C. Murphy Company and Pinkerton’s, Inc. At the conclusion of the trial, the jury rendered its verdict awarding Mrs. Freshko (1) $20,000 in compensatory damages against both defendants, (2) $15,000 in punitive damages against defendant G. C. Murphy, and (3) $25,000 in punitive damages against the defendant Pinkerton’s, Inc. In addition thereto, the jury awarded plaintiff’s husband $10,000 in compensatory damages against both defendants. Thereafter, defendants filed a motion for remittitur and a motion for a new trial on the grounds that the verdicts were against the manifest weight of the evidence and so excessive as to shock the judicial conscience. The motion for new trial was denied. However, the trial judge entered a remittitur of $5,000 on each of the verdicts listed here-inabove and entered judgment thereon. Defendant-appellants appeal therefrom.
One of appellants’ points on appeal is that the trial court erred in denying their motion for new trial and entering a final judgment on a jury verdict which was excessive. Upon a review of the record, we find no abuse of discretion on the part of the trial judge in reducing the jury verdicts and denying appellants’ motion for new trial. See 23 Fla.Jur. New Trial § 59 (1959). Thus, this contention of appellants must fail.
Appellants also contend that it was reversible error to allow a finding of not guilty for the plaintiff, Janino Freshko, into evidence over their objection. We cannot agree.
An essential prerequisite to the bringing of a malicious prosecution action, that there be a bona fide termination of prosecution in favor of the plaintiff, is satisfied if there is a adjudication on the merits in a judicial or quasi-judicial proceedings or if there is a nolle prosequi or declination to prosecute entered in good faith by the prosecutor. Davis v. McCrory Corporation, Fla.App. 1972, 262 So.2d 207. Thus, the introduction of the not guilty verdict was the best means of plaintiff’s proving that the prior action was terminated in her favor.
We also considered appellants’ remaining points on appeal and find them to be without merit.
Accordingly, the judgment herein appealed is affirmed.
Affirmed.