344 So.2d 903 (1977)
Howard SHIDLOWSKY, Appellant,
v.
NATIONAL CAR RENTAL SYSTEMS, INC., a Foreign Corporation, et al., Appellees.
No. 76-571.
District Court of Appeal of Florida, Third District.
March 29, 1977.
Rehearing Denied May 4, 1977.
Williams, Salomon, Kanner & Damian and Gary S. Brooks, Miami, for appellant.
Mitchell M. Goldman, Miami, for appellees.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
BARKDULL, Judge.
Howard Shidlowsky, plaintiff in the trial court, appeals from a final judgment, entered pursuant to a directed verdict entered in favor of the defendants, Morse, Dyer, and National Car Rental Systems, Inc., in an action for malicious prosecution.
Shidlowsky filed a complaint against the defendants for malicious prosecution of a criminal charge for stealing $7,500.00, which National Car Rental had inadvertently overpaid a corporation of which Shidlowsky *904 was a stockholder. Shidlowsky admitted this corporation received the overpayment and in the refusing to return the $7,500.00, because the money had been deposited in his corporate business account and the funds were no longer available. He continuously offered to pay back the money in $500.00 monthly installments, but each time was refused. Thereupon, the defendant (Dyer), on behalf of the appellee Corporation, instituted a criminal action which ultimately culminated in the charges being dropped by the Justice of the Peace, with the following notation thereon:
"Dismissed  req both sides (over) 12/7 note in repayment other recourse `civil'".
At the same time, Shidlowsky signed a promissory note to repay the $7,500.00 in $500.00 monthly installments. At the conclusion of Shidlowsky's case, the trial court directed a verdict in favor of the defendants. The court concluded that Shidlowsky failed to meet his burden of proving that the defendants acted without probable cause in swearing out a criminal warrant against him, and that the criminal proceedings had a bona fide termination in favor of Shidlowsky. This appeal ensued.
The proofs indicated that at the time the criminal proceeding came on to be heard before the Justice of the Peace, Mr. Shidlowsky and his lawyer, Mr. Moran, negotiated with Mr. Dyer on behalf of the named Corporations and settled the matter by the execution of a promissory note providing for payments at the rate of $500.00 per month. Both counsel agree that there are six elements to be established by a plaintiff in a malicious prosecution case, to wit: 1. A criminal proceeding was commenced or continued against plaintiff. 2. The defendant or defendants commenced or caused the commencement of the criminal proceedings against plaintiff. 3. The criminal proceeding had a bona fide termination in favor of the plaintiff. 4. There was no probable cause for causing the commencement of such criminal proceedings. 5. There was malice in causing the commencement of such criminal proceedings. 6. The plaintiff suffered damage.
Both counsel agree, and it appears from the record, that the trial court directed a verdict in this cause because of her feeling that the third prerequisite of a malicious prosecution cause had not been demonstrated by the dismissal of this case, and that the matter was controlled by Freedman v. Crabro Motors, Inc., 199 So.2d 745 (Fla. 3rd D.C.A. 1967), in that the criminal action was dismissed by a bargain between the parties upon the execution of the promissory note.
We reverse, and return the matter for a trial on the issue of whether or not it was, in fact, an abandonment of the criminal charges or a bargain to dismiss the charges because the defendant corporation in this case received nothing more from Shidlowsky upon the termination of the criminal proceeding before the Justice of the Peace than that which he had been offering all along. This is contrary to the factual situation in Freedman v. Crabro Motors, Inc., supra.
Therefore, for the reasons above stated, the final judgment based on the directed verdict be and the same is hereby reversed, and this matter is returned to the trial court for the purpose of according the plaintiff therein a new trial.
Reversed and remanded, with directions.
HUBBART, Judge (concurring).
I concur in Judge Barkdull's able opinion for the court and would add only that the facts as developed by the plaintiff at trial, if true, show an outrageous use of the criminal justice machinery to collect on a patently civil debt. Although it is true that some civil debts may give rise to criminal liability where a criminal intent is present, it is clear that this is not one of those cases. The evidence tends to show that the debt was innocently incurred by the plaintiff herein with no criminal intent, a fact which the defendants continuously assured the plaintiff throughout the proceedings.
*905 Although the defendants had every right to reject the plaintiff's offer of $500 monthly installments to pay off the debt and pursue their civil remedies to obtain full and immediate payment thereof, they had no right to enforce their demands by having the defendant arrested and prosecuted on an admittedly baseless grand larceny charge. The fact that they belatedly accepted the plaintiff's offer and joined with the plaintiff in dismissing the charges at the justice of the peace court, gives rise to a permissible, if not compelling inference that the defendants abandoned the prosecution at the eleventh hour only when they saw that the plaintiff would not capitulate to the blackmail of the criminal prosecution. In my judgment, this action constitutes a bona fide termination of the case in favor of the plaintiff. Calleja v. Wiley, 290 So.2d 123 (Fla. 2d DCA 1974).
In no sense can this dismissal be called, as a matter of law, a plea bargain in which the dismissal was bargained for in exchange for restitution. See Freedman v. Crabro Motors, 199 So.2d 745 (Fla. 3d DCA 1967). The defendants herein got exactly what the plaintiff was offering all along prior to the institution of criminal proceedings; and it is a perfectly reasonable, if not an obvious inference that the promissory note given was in no way prompted by the promise of dismissal of the criminal charges.
Beyond that, it is intolerable that any person in this country could be arrested, jailed and prosecuted for a patently civil debt in the manner and under the circumstances revealed by this record. Since the days when Charles Dickens devastatingly exposed the debtors prisons of the 19th Century, imprisonment for debt unaccompanied by fraud has long been considered incompatible with our cherished ideals of personal liberty. Article I, Section 11, Florida Constitution, (1968); Declaration of Rights, Section 16, Florida Constitution, (1885); Declaration of Rights, Section 15, Florida Constitution, (1868); Turner v. State ex rel. Gruver, 168 So.2d 192 (Fla. 3d DCA 1964). That a person subjected in this day and age to such an outrage should be without civil remedy is, to me, unacceptable. In my view, the plaintiff herein has established a prima facie case of malicious prosecution which precludes the entry of a directed verdict for the defendant. See: Tatum Bros. Real Estate & Investment Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926); Silvia v. Zayre Corporation, 233 So.2d 856 (Fla. 3d DCA 1970).