599 So.2d 1010 (1992)
ALAMO RENT-A-CAR, INC., Appellant,
v.
Michael MANCUSI, Appellee.
No. 91-0149.
District Court of Appeal of Florida, Fourth District.
April 22, 1992.
Rehearing and Rehearing Denied July 2, 1992.
*1011 G. Bart Billbrough of Walton Lantaff Schroeder & Carson, Miami, for appellant.
John Beranek of Aurell, Radey, Hinkle & Thomas, Tallahassee, and Walter G. Campbell and Kelly Gelb of Krupnick, Campbell, Malone & Roselli, Fort Lauderdale, for appellee.
Rehearing and Rehearing En Banc Denied July 2, 1992.
POLEN, Judge.
This is an appeal from a final judgment awarding appellee, Michael Mancusi, $300,000.00 in compensatory damages and $2,700,000.00 in punitive damages in his malicious prosecution action against appellant, Alamo Rent-A-Car [hereinafter Alamo]. We reverse and remand for a new trial.
Mancusi brought a malicious prosecution action against Alamo subsequent to the termination of a criminal case in which Mancusi was charged with and prosecuted for having violated section 817.52(3), Florida Statutes (1985), failure to redeliver a hired vehicle. The state brought criminal charges against Mancusi after an Alamo employee signed an affidavit that was utilized as part of a probable cause affidavit against Mancusi. The facts leading up to Mancusi's arrest on the criminal charges were in dispute; however, it appears that Mancusi rented a vehicle from Alamo believing that his contract entitled him to use the vehicle for one month, while the contract showed that the rental period was for one week only. Eventually Alamo was able to contact Mancusi, who stated his belief that he had rented the vehicle for one month, and asked Alamo to retrieve the vehicle from his business location because it would not start. Alamo had the vehicle towed to its lot, and collected payment for only a portion of the time that Mancusi had used the vehicle. Although the vehicle had been returned, the Fort Lauderdale Police Department continued its investigation into the incident, and approximately two (2) weeks after the vehicle was returned to Alamo, Mancusi was taken to the Fort Lauderdale police department, questioned, and arrested.
The transcript of Mancusi's criminal case, proffered by Alamo during the malicious prosecution trial, reveals that after approximately one-half day of testimony in Mancusi's criminal trial, the state announced a nolle prosequi following lengthy discussions between the state, Alamo, and Mancusi. During these discussions it was determined that the state would announce a nolle prosequi, and Mancusi would pay $364.00 to Alamo and execute a release in favor of the City of Fort Lauderdale, the State Attorney's Office, the State of Florida, and the City of Dania. Alamo also proffered the testimony of Mancusi's criminal attorney, which tended to indicate that *1012 the nolle prosequi was announced after a bargain had been struck between the state and Mancusi.
The trial court did not allow Alamo to admit testimony regarding the circumstances surrounding the nolle prosequi because the trial court ruled that the nolle prosequi Mancusi received after jeopardy had attached in his criminal case constituted a bona fide termination of the criminal litigation in Mancusi's favor, as a matter of law. This ruling was in error.
In order for a plaintiff to succeed on a claim of malicious prosecution, the following six (6) elements must be proven:
1) the commencement of a judicial proceeding;
2) its legal causation by the present defendant against the plaintiff;
3) its bona fide termination in favor of the plaintiff;
4) the absence of probable cause for the prosecution;
5) malice;
6) damages.
Dorf v. Usher, 514 So.2d 68, 69 (Fla. 4th DCA 1987).
In Gatto v. Publix Supermarket, Inc., 387 So.2d 377 (Fla. 3d DCA 1980), the court discussed the "bona fide termination" element of malicious prosecution, stating:
The essential element of a bona fide termination of the criminal prosecution in favor of the person bringing the malicious prosecution action has been held to be satisfied if there has been an adjudication on the merits favorable to him or if there is a good faith nolle prosequi or declination to prosecute.
Id. at 380-81 (emphasis in original). A bona fide or good faith termination is not one which has been bargained for and obtained by the accused on his promise of payment or restitution. Freedman v. Crabro Motors, Inc., 199 So.2d 745 (Fla. 3d DCA 1967).
Where dismissal is on technical grounds, for procedural reasons, or any other reason not inconsistent with the guilt of the accused, it does not constitute a favorable termination. The converse of that rule is that a favorable termination exists where a dismissal is of such a nature as to indicate the innocence of the accused.
Union Oil v. Watson, 468 So.2d 349, 353 (Fla. 3d DCA 1985) (citations omitted). Further, in Lui v. Mandina, 396 So.2d 1155 (Fla. 4th DCA 1981), this court held that "[i]t is defendant's burden to establish that the decision to nolle prosequi was based solely on restitution." Id. at 1156.
In the instant case, the trial court's ruling[1] was in error because a nolle prosequi entered after jeopardy attaches does not indicate the innocence of the accused, as a matter of law. Rather, to determine whether the nolle prosequi indicates the defendant's innocence, the jury should have been allowed to hear the circumstances surrounding the termination of Mancusi's criminal trial, including the proffered testimony of Mancusi's attorney, the criminal case transcript, and the proffered testimony of the assistant state attorney who prosecuted Mancusi's criminal case.[2] Only after *1013 considering this evidence could the trier of fact determine whether the nolle prosequi Mancusi received was bargained for or bona fide.
We also address Alamo's argument on appeal regarding the trial court's ruling that punitive damages should not be limited to three times the compensatory damage award pursuant to section 768.73(1)(a), Florida Statutes (1989). This section provides in pertinent part:
768.73 Punitive damages; limitation.
(1)(a) In any civil action based on negligence, strict liability, products liability, misconduct in commercial transactions, professional liability, or breach of warranty that involves willful, wanton, or gross misconduct, the judgment for the total amount of punitive damages awarded to a claimant shall not exceed three times the amount of compensatory damages awarded to each person entitled thereto by the trier of fact... .
(emphasis added). We agree with the trial court's conclusion that the instant malicious prosecution case was not based on misconduct in a commercial transaction. Rather, the instant action for which Mancusi may have been entitled to punitive damages was based on Alamo's alleged malicious prosecution of Mancusi. There is no indication from the plain meaning of section 768.73 that the legislature intended the intentional tort of malicious prosecution to be included among those civil actions for which punitive damages are limited under this statute.
We do not address the distinct issue regarding the constitutionality of section 768.73, currently pending before this court in State v. Mancusi, No. 91-0186.
We reverse the final judgment in favor of Mancusi and remand for a new trial in accordance with this opinion.
REVERSED AND REMANDED.
DOWNEY, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I dissent because in my judgment the trial court's rulings were evidentiary in nature. The court did not actually direct a verdict on the question of bona fide termination of the criminal proceeding. Rather, the court excluded the proffered evidence for several reasons, which the court summarized during and after the trial:
Defendant argues that the nolle prosequi was obtained by the accused upon a promise of restitution and therefore it is not a bona fide termination in plaintiff's favor. But the evidence shows that Alamo received nothing more than what Mr. Mancusi had been offering all along. Mr. Mancusi's rental bill had been paid in full as soon as it was charged to the credit card. Alamo did not produce a back-dated lost rental agreement evidencing additional charges until a couple of weeks before the criminal trial. Nonetheless, Mr. Mancusi had agreed to pay those charges before trial. Given those circumstances, the nolle prosequi amounted to an abandonment of the criminal charges and was a bona fide termination of a case in plaintiff's favor. See Shidlowsky v. National Car Rental Systems, Inc., 344 So.2d 903 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 516 (Fla. 1978).
... [In ruling on the motion for new trial and other post-trial motions] In addition, the Fourth District Court of Appeal has stated that the defendant [Alamo] has the burden to establish that the nolle prosequi was based solely on restitution. Liu v. Mandina, 396 So.2d 1155, 1156 (Fla. 4th DCA 1981). The assistant state attorney who prosecuted this case, Mr. Peacock, was a critical witness as to this issue. The court informed the defendant early in the trial that this was the case. The defendant failed to subpoena this witness and he was unavailable for trial. Also, defendant failed to ask for a continuance at the conclusion of the trial despite his earlier statement that he would do so. Given the defendant's failure to meet its burden, the court found that the nolle prosequi was in fact a bona fide termination in plaintiff's favor.
Alamo, for its own reasons, elected not to subpoena the prosecuting attorney. The *1014 court determined that his testimony was critical and essential to its determination of whether it should admit the proffered evidence. The trial court recognized that the issue in the earlier criminal case did not involve a failure to pay the money in question, but solely the failure to return the car on schedule. It is undisputed that the appellee never refused to pay. Alamo had simply not billed him and, for their own purposes, elected not to charge the credit card. The prosecutor's statements to the court at the time of the nolle pros clarified that there were arrangements for the payment in question. Without explanatory testimony by the prosecutor, the statements are meaningless as evidence on the issue of whether such payment was required by the state as a quid pro quo for a nolle pros. I also note that the record shows that at the time the criminal case was dismissed, it was expressly stated that the appellee did not waive his claims against the appellant.
Therefore, notwithstanding the trial court's statement that it found the nolle pros to be a bona fide termination, I believe the appellant has failed to demonstrate reversible error or an abuse of discretion with respect to the proffered evidence. In all other respects I concur with the majority opinion.
NOTES
[1] The dissent mischaracterizes the trial court's ruling as "evidentiary in nature," quoting from the trial court's post-judgment orders. In these post-judgment orders, the trial court sought to justify its earlier ruling that the bona fide termination element had been established as a matter of law. The court's ruling came during cross-examination of Mancusi, as Alamo was attempting to introduce evidence that Mancusi paid restitution to Alamo:

THE COURT: It's not relevant. Been a determination he had a bona fide termination in his favor.
If the nolle prosequi had been obtained before double jeopardy attached, it would be quite relevant.
The State of Florida dismissed the charge after jeopardy under the Constitution had attached. There can never again be a trial brought, any type of case. The old one could not have been revived. The  a new charge could not have been revived. That constitutes a bona fide termination in [Mancusi's] favor.
(R. 744).
[2] Alamo requested that it be allowed to offer the testimony of the Assistant State Attorney by phone; however, the trial court denied Alamo's request, allowing Counsel for Alamo to proffer this testimony into the record. This proffer included a statement that the nolle prosequi was announced following negotiations with Mr. Mancusi.