PER CURIAM.
We issued our opinion in the companion case regarding Michael Mancusi’s malicious prosecution claim against Alamo Rent-A-Car in Alamo Rent-A-Car Inc. v. Mancu-si, 599 So.2d 1010 (Fla, 4th DCA 1992). In that case we reversed a final judgment entered in favor of Mancusi and remanded for a new trial. Id. at 1013. We also determined that section 768.73(l)(a), Florida Statutes (1989) did not apply to limit punitive damages that may be awarded on remand. Id.
The instant appeal concerns the trial court’s post judgment order which determined that section 768.73(2)(b), Florida Statutes (1989), was unconstitutional. The Florida Supreme Court has recently held section 768.73(2)(b) to be constitutional. Gordon v. State, 608 So.2d 800 (Fla.1992). Therefore, we reverse the trial court’s order and note that on remand § 768.73(2)(b) would apply.[1]
REVERSED.
GLICKSTEIN, C.J., POLEN, J., and DOWNEY, JAMES C., Senior Judge, concur.

. The legislature has amended section 768.-73(2)(b), effective April 8, 1992, to provide:
(b) If the cause of action was based on personal injury or wrongful death, 35 percent of the award is payable to the Public Medical Assistance Trust Fund; otherwise, 35 percent of the award is payable to the General Revenue Fund.
(emphasis added).