HENRY LEVY v. JOSEPH H. ADAMS.

192 So. 177
Division A
Opinion Filed November 17, 1939
Rehearing Denied December 1, 1939

*Louis Heiman* and *Loftin, Stokes & Calkins,* for Plaintiff in Error;

*Walsh, Beckham & Ellis,* for Defendant in Error.

TERRELL, C. J.—Levy, the plaintiff in error, brought an action against Adams, the defendant in error, for slander, his declaration alleging in substance that he (Levy) was an officer and stockholder in Normandy Beach Properties Corporation, that in February, 1930, he and his associates negotiated an option to Adams for the sale of twenty-eight acres of land on Normandy Isle in Dade County on which he (Adams) was to construct a Sun Ray Club or Sanitorium. Ten thousand dollars was deposited in escrow to be paid Levy when certificate of title insurance was produced. The certificate was produced and the escrow amount was paid to Levy and his corporation. Adams later repudiated the option to purchase and sued Normandy Beach Properties Corporation to recover the $10,000. While this action was pending, a meeting was held in the city hall at Miami Beach to discuss mass action against "crooks" who were said to be too prevalent in those parts. At said meeting, Adams addressed the gathered crowd and among other things, he said that he called off his deal for land on which he meant to erect a Sun Ray Club because he discovered that he was dealing with a bunch of crooks. A trial of the slander action resulted in a directed verdict for Adams, to which an appeal was instituted but not perfected.

Based on the injury alleged to have been suffered from the slander action, the present action was brought by Adams against Levy for malicious prosecution. To the declaration, Levy entered three pleas, viz.: not guilty, no malice, and that he acted on the advice of counsel before starting suit. A trial resulted in a verdict and judgment for Adams in the sum of $5,000.00. This writ of error was prosecuted to that judgment.

The first question urged may be stated as follows: Has the defendant to an action for slander a right of action against the plaintiff in said action to recover damages in an action for malicious prosecution, there having been no interference with the person or property of the defendant in the action for slander?

Prior to the statute of Marlbridge, the English courts generally held that an action for malicious prosecution could be supported regardless of whether the plaintiff was arrested or his property seized but after this statute was enacted, the decisions of the English courts were reversed on this point and such an arrest or seizure was necessary to support the action. In our country, some of the courts have followed the early while others have followed the late English rule.

In L. R. A. 1918D., at page 550, following the Alabama case of Pierson v. Ashcroft Cotton Mills, reported in 78 So. 204, there will be found a discussion of the cases on both sides of this question. It is there stated that some courts hold that an action for malicious prosecution may be maintained for the bringing of a civil action maliciously and without probable cause although there is no arrest of the person or seizure of property or other special circumstances warranting the action. Some courts hold that such an action may be maintained when the defendant in the prior

action has sustained damages over and above his taxable costs.

In R. C. L., page 13, the general rule on the question is discussed at length and in Tatum Brothers Real Estate & Investment Company v. Watson, 92 Fla. 278, 109 So. 623, the specifications warranting an action for malicious prosecution are stated. From these specifications, it may be said that Florida has adopted the early English rule.

From all that has been said, we are driven to the conclusion that the question with which we are confronted turns on that of whether or not Levy's action for slander against Adams was malicious and without probable cause.

The record discloses that before his action for slander was brought, Levy consulted his attorney, made a full disclosure of the facts to him, and furnished him the affidavits of many witnesses to the alleged slander. The attorney made a full investigation and then advised that the action would lie. It is further shown that numerous persons testified under oath that they heard Adams in the presence of a large company refer to Levy and his associates as a "bunch of crooks." This evidence was not in the main contradicted.

Under a showing like this, it cannot be said that the action for slander was lacking in probable cause or that it originated in malice. The evidence on these points was in the main uncontradicted so the predicate for malicious prosecution was lacking. An action for malicious prosecution in a case of this kind should not be unduly restricted; at the same time it should be rigidly safeguarded and not be permitted except when the circumstances meet the test. Otherwise the adjudication of controverted issues will fail of their purpose and degenerate into a series of reprisals and counter reprisals and the litigants, like the fabled Kilkenny cats, will have consumed each other.

The judgment below is therefore reversed.

Reversed.

BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.