108 So.2d 773 (1959)
Mel ADLER, E.D. Kelmans, Ankara Motel, Inc., and Monterrey Associates, Inc., Appellants,
v.
Zeke SEGAL, Appellee.
No. 58-332.
District Court of Appeal of Florida. Third District.
February 3, 1959.
Rehearing Denied February 25, 1959.
*774 Sibley, Grusmark, Barkdull & King, Miami Beach, for appellants.
Leonard H. Rubin, Miami, for appellee.
CARROLL, CHAS., Chief Judge.
The appellee Zeke Segal sued appellants for malicious prosecution, and obtained a verdict and judgment against them in the circuit court, for $10,000 compensatory damages and $5,000 punitive damages.
The plaintiff-appellee was a disk jockey residing and working in New York. Defendants were operators of two motels, the Ankara and Monterrey. They employed Segal to conduct a local radio program from the Monterrey and made provision for him to reside at the Ankara. At this point the stories of the parties diverge. According to plaintiff, he was to broadcast for thirteen weeks after several weeks of preparation, and he maintained it was agreed that part of his compensation would be his free lodging at the Ankara, in return for which he also said he performed certain publicity work for the Ankara. He claimed to have proceeded on that basis, but that after three weeks of broadcasting from the Monterrey his employment contract was breached and terminated by the defendants, following which he moved out of the Ankara. An information was issued charging him with violating the "board bill fraud" statute [§§ 509.151 and 509.161, Fla. Stat., F.S.A.]. He was arrested, tried and acquitted upon a directed verdict.
Appellants maintained that Segal was paid a salary of $100 a week as his full compensation; and that it was never agreed or intended that he should have free rent at the Ankara Motel. Segal asserted that he had been told his arrest was to forestall or prevent his suing the defendants for damages for breach of contract. Defendants' denial created an issue bearing on the question of malice.
Appellants' contention that there was no showing of the necessary elements of malice and absence of probable cause (see, e.g., Glass v. Parrish, Fla. 1951, 51 So.2d 717) must be answered adversely to them, because certain factual issues upon which the presence of those elements depended were presented to the jury under proper charges by the court, and were necessarily decided by the jury in arriving at their verdict in this case.
The information on which the appellee Segal was arrested was issued by the county solicitor on facts given to an assistant county solicitor by one of the defendants.
Defendants maintain that they were within the rule of protection that one who makes a full and fair presentation of all material facts to a prosecuting attorney, relying upon that officer's judgment as to *775 the propriety of a criminal prosecution, can not be held in a later malicious prosecution suit should the prosecution be brought and fail, since the reliance upon this public official is conclusive as to good faith and probable cause. Florida East Coast R. Co. v. Groves, 55 Fla. 436, 46 So. 294; 34 Am.Jur., Malicious Prosecution, §§ 72, 78-80; 21 Fla.Jur., Malicious Prosecution, §§ 8, 13. Prosser on Torts. 2nd Ed., § 98.
However, in making disclosure to the county solicitor, defendants necessarily stated and represented that Segal owed rent for his occupancy at the Ankara Motel, and thus they did not disclose  if such was the fact  that Segal had been entitled to stay at the Ankara free as a part of his compensation for services to the defendants. Therefore, the question of whether there was a proper and full and fair disclosure, as well as the broader issues as to probable cause and malice, was made to depend upon the outcome of trial on the issue of whether the agreement between the parties called for Segal to pay for his lodging at the Ankara Motel or that he should have free lodging there as a part of his compensation. The verdict necessarily reflects that the jury determined that issue adversely to defendants, and no reason is shown why this court should disturb that finding and verdict.
A second question raised on the appeal involves the effect of dismissal of one of the defendants. Originally Robert Koeppel was jointly charged as a defendant with the tort which formed the basis of this action. A first trial ended in a mistrial. Between that time and the commencement of the second trial, Koeppel was dropped from the case on plaintiff's motion made in open court, by an order which dismissed him with prejudice. Appellants' contention here that the dismissal of Koeppel should cause the dismissal of the other defendants is not sound, in view of section 54.28(1), Fla. Stat., (Ch. 57-395, Laws of Fla., 1957), F.S.A., reading as follows:
"(1) A release or covenant not to sue as to one tort-feasor for property damage to, personal injury of, or the wrongful death of any person shall not operate to release or discharge the liability of any other tort-feasor who may be liable for the same tort or death."
Invasions of individual rights for which damages are allowable in malicious prosecution actions are included in the "personal injury" provided for in that statute. Cf. Cason v. Baskin, 155 Fla. 198, 20 So.2d 243, 250-251, 168 A.L.R. 430.
Appellants argue that the award of compensatory damages was inappropriate, claiming the evidence failed to show any actual loss by the plaintiff. This contention must fall, since the plaintiff adduced evidence of particular special items of damage; and in addition there is substantial authority that a malicious prosecution is actionable per se, and "certain kinds of damage necessarily follow from the wrongful prosecution itself, and so will be assumed by the law to exist, * * *" Prosser on Torts, 2nd Ed., § 98, p. 661. See, also, Tidwell v. Witherspoon, 21 Fla. 359; McCormick on Damages, § 108; Restatement, Torts, §§ 670-671. Cf. Levy v. Adams, 140 Fla. 515, 192 So. 177.
The determination of the amount of damages to be awarded was peculiarly within the province of the jury (Maiborne v. Kuntz, Fla. 1952, 56 So.2d 720), and their finding thereof is not to be disturbed by the court in the absence of a showing that it was based on or induced by passion, prejudice, mistake, bias or corruption; and there was no such showing here. See 2 Fla.Jur., Appeals, § 308; 34 Am.Jur., Malicious Prosecution, § 103; 21 Fla.Jur., Malicious Prosecution, § 23.
Appellants also contended that punitive damages were not allowable because *776 of the absence of malice. Punitive damages are recoverable in a malicious prosecution action, "* * * where actual malice and want of probable cause are shown, or where the legal proceedings complained of were commenced under circumstances of oppression, wantonness, or a reckless disregard of plaintiff's rights." S.H. Kress & Co. v. Powell, 132 Fla. 471, 180 So. 757, 763. See 34 Am.Jur., Malicious Prosecution, § 93. The contention that punitive damages should not have been allowed in this case because of the absence of malice begs the question. This is so because from the facts in evidence, and from proper inferences to be drawn from such facts, the jury was entitled in this case to find that such malice was present.
For the reasons stated, the judgment appealed from is affirmed.
Affirmed.
HORTON and PEARSON, JJ., concur.