HENDRY, Chief Judge.
This is an appeal by the plaintiff below from a summary judgment in favor of the defendants in an action for malicious prosecution.
In his amended complaint, the plaintiff charged his former employer, Eastern Air Lines, Inc. (hereinafter referred to as Eastern) and three of its employees with having conspired to maliciously prosecute him without probable cause for the criminal offenses of doing business without a license and usury, and with having procured the issuance of an information against plaintiff charging such offenses. It was further alleged that the plaintiff was arrested and confined pursuant to the charges, but the criminal proceedings eventually terminated in his favor, and that he sustained damages as a result of the wrongful acts of the defendants. The complaint included a demand for a jury trial. The defendants filed a general denial and the affirmative defenses of statute of limitations, res judicata, prior election of remedy and advice of counsel.
Based on the pleadings, depositions, admissions and affidavits submitted by the parties, the court granted defendants’ motion for summary judgment.
Plaintiff asserts that the trial court was in error because it considered affidavits which were untimely and which contained inadmissible testimony.
We do not find it necessary to determine the point raised by plaintiff. We have concluded that the trial court was correct in entering a summary final judgment for defendants because it was established by material to which plaintiff did not object that there was no genuine issue raised concerning the absence of probable cause, an essential element in an action for malicious prosecution.
The pleadings, admissions and depositions considered by the lower court without objection reveal that a union member informed his union which in turn informed defendant, Eastern, that a loan shark ring was operating among its members. The information was turned over to Eastern’s Security Unit of which the remaining three defendants were then a part. Defendant, Mamula, interviewed the complainant and discussed the information received with Eastern’s Director of Security, defendant Minissale. These men discussed the matter with an attorney for Eastern and a decision was made to inform the State Attorney’s Office. Defendants, Mamula and Loh-meyer, informed the State Attorney’s Office which then made an independent investigation. Following this, the State At *266 torney’s Office requested Eastern to have its security department continue the investigation. It was at this point that plaintiff’s name entered the investigation. When interviewed, plaintiff produced a list of Eastern employees who owed him money for watch sales, repairs and money loaned. Plaintiff stated that he never collected more than 10% interest on any loan. Upon completion of the investigation, the State Attorney filed an information against plaintiff charging him with doing business without a license and usury. The case was called for trial but before completion thereof, the information was quashed on motion of the State and it was announced that no further information would be filed in the case.
Approximately one month before the information was filed against the plaintiff, his employment was terminated at Eastern. The propriety of this termination was presented to a System Board of Adjustment (Board) created to consider disputes between employees and a carrier by air growing out of grievances.[1] The decision of this Board as admitted by the plaintiff was that the testimony clearly showed that plaintiff “was making usurious loans and was in fact to some extent, conducting some type of business on Eastern Air Lines properties and on Eastern Air Lines time.” Plaintiff filed a complaint in the U. S. District Court for the Southern District of Florida to set aside the finding of the Board. That court granted a motion for summary judgment on behalf of Eastern.[2] Plaintiff attempts to collaterally attack the Board’s finding on the ground it was based on unsworn testimony.
Our determination is not based on the conclusiveness of the Board’s finding so as to collaterally estop an action for malicious prosecution. Thus, plaintiff’s argument was not considered.
An action for malicious prosecution lies in all cases where there is a concurrence of six elements and if any of these elements is lacking the action can not be maintained.[3] The absence of probable cause for instituting an original civil or criminal judicial proceeding is such an element. In determining the existence of probable cause, the question is not the guilt or innocence of the accused but whether there is a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty.[4]
The admissible evidence as hereinbefore related which was submitted by the defendants on motion for summary judgment is sufficient to refute the absence of probable cause and to support their claim that there is no genuine issue on this material fact.
The plaintiff in opposition to the motion submitted an affidavit in which there is no evidence on the absence of probable cause; thus, no issue is generated. The affidavit does contain inferences of malice and reveals that the criminal proceedings were terminated in plaintiff’s favor. However, evidence of malice and a favorable termination of the criminal proceeding is insufficient to show a lack of probable cause.[5]
Having failed to demonstrate the existence of an issue on a material fact either by countervailing facts or justifiable inferences from the facts presented, the plaintiff must suffer a summary judgment against him.[6]
Accordingly, the judgment appealed from is affirmed.
Affirmed.

. 49 Stat. 1189, 45 U.S.C. § 184.

. Clements v. Eastern Air Lines, Inc., Civil No. 63-42-M-Civil-EC, S.D.Fla. Sept. 9, 1963.

. Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878 (1931).

. Dunnavant v. State, Fla.1950, 46 So.2d 871.

. Ward v. Allen, 152 Fla. 82, 11 So.2d 193 (1942).

. Harvey Building, Inc. v. Haley, Fla.1965, 175 So.2d 780.