PER CURIAM.
The appellant, who was plaintiff in an action for malicious prosecution, appeals from a summary final judgment for the appellee.
An absence of probable cause for the original criminal proceeding is an essential element of the appellant’s cause of action. Duval Jewelry Co. v. Smith, 102 Fla. 717, 136 So. 878 (1931). Acquittal of a person tried for violating the law is not sufficient to establish the absence of probable cause for instituting criminal proceedings. If the converse were the rule, then a public officer who instituted criminal proceedings would be liable in damages for malicious prosecution if the person against whom the proceedings were brought were acquitted. Such a state of affairs would be detrimental to the public interest, since public officers would be discouraged from performing their duties conscientiously. See Ward v. Allen, 152 Fla. 82, 11. So.2d 193 (1943).
In Clements v. Eastern Air Lines, Inc., Fla.App.1966, 183 So.2d 264, we pointed out:
“In determining the existence of probable cause, the question is not the guilt or innocence of the accused but whether there is a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty.” (Footnote omitted.) 183 So.2d at 266.
The trial judge in the instant case properly applied this test. The pleadings, depositions, and affidavits filed in this cause show there is no genuine issue as to the fact that the appellee had probable cause to believe the appellant was guilty of the ordinance violation for which he was arrested. We therefore conclude that the trial judge correctly entered the summary final judgment.
Affirmed.