411 So.2d 948 (1982)
Herbert C. ANDERSON and Joan Anderson, Appellants,
v.
Sam BELL, George Bell and James E. Estes, Appellees.
No. XX-279.
District Court of Appeal of Florida, First District.
March 25, 1982.
W.J. Oven, Jr., of Oven, Gwynn & Lewis, Tallahassee, for appellants.
Gordon D. Cherr of Frates, Jacobs, Farrar, Novey, Blanton & Poole, Tallahassee, for appellees.
JOANOS, Judge.
Appellants seek review of a declaratory judgment in which the lower court determined they did not have exclusive rights to a man-made lake and the subsequent denial of an injunction which would have prohibited appellees from using that portion of the lake which overlies the land owned by appellants. We affirm.
In 1965, appellants purchased a large tract of land containing a small non-navigable creek which led to the center of the property where a low swampy area was located. Appellants excavated the area, cleared the land, secured an easement from adjacent land owners, and constructed an earthen dike across the creek. The flooding that resulted became a lake that has existed for fourteen years. The resulting lake inundated a large part of appellants' property as well as a portion of the property owned by the adjacent land owners. In the easement deed the adjoining land owners retained "title to and beneficial use of all said lands ... except for the right to flood portions, thereof...." Appellee George Bell now owns the adjoining land so inundated. The lake bed is therefore, currently owned by appellants and George Bell.
*949 Appellees Sam Bell and James Estes do not own any land on the lake but use the lake for fishing by entering the lake from George Bell's property presumably with his permission. At some point appellants requested that appellees stop using the lake. Appellees refused. Subsequently, appellants filed a declaratory action seeking definition of their right to exclusive use of the lake and for an injunction prohibiting appellees' use of that portion of the lake which overlays appellants' flooded property. The trial court determined appellants do not have the right to exclude others who have lawful access from the portion of the lake overlying appellants' property and, therefore, declined to issue the injunction.
In Florida, the law as to non-navigable natural lakes has been clear. Owners of property with portions including part of a lake bottom have a right to use all of the waters of the lake so long as they do not unreasonably interfere with the rights of others. Duval v. Thomas, 114 So.2d 791 (Fla. 1959). While it is not quite as clear, our study of Silver Blue Lake Apartments, Inc. v. Silver Blue Lake Home Owners Association, 245 So.2d 609 (Fla. 1971) convinces us that the same law has been extended to include man-made artificial lakes.
In Silver Blue Lake, the Supreme Court found valid a restrictive covenant limiting use of an artificial lake to members of a homeowners association. However, the court also stated:
In our view, as an abstract proposition, the right of owners of a portion of the bed (of an artificial lake, which is found as a fact from the evidence to be a non-navigable lake,) to rent their rights to use of the water surface to tenants of an apartment complex on the land including a portion of the lake bed, is only the right of lawful and reasonable use not detrimental to other owners or lawful users....
Id. at 612.
We consider the Supreme Court's opinion to reflect that were it not for the restrictive covenants, the apartment tenants in that case would have had access to the entire surface of the artificial and non-navigable lake because their landlord owned some of the submerged lake bed. Thus, it is implicit in the opinion that the same rights pertaining to use of a lake exist in regard to artificial lakes as well as natural lakes.
Although there is no finding below that this lake is non-navigable, appellants admit the area in its natural state is a small, non-navigable creek which traverses a low swampy area. The test for navigability in Florida is whether the waterway in its natural state can potentially provide for commercial use. Odom v. Deltona Corp., 341 So.2d 977 (Fla. 1977). This area obviously could not so provide.
In following the logic enunciated in Silver Blue Lake, we conclude that a land owner whose land adjoins an artificial lake and includes a portion of the lake bed enjoys the right to reasonable, lawful use of the entire lake. We further hold that fishing and boating are reasonable uses of the lake provided that those uses do not interfere with the rights of others similarly situated to enjoy use of the area.
We are aware that our rationale here may conflict with the reasoning set forth in Publix Super Markets, Inc. v. Pearson, 315 So.2d 98 (Fla. 2nd DCA 1975). In the Publix case, the Second District Court of Appeal refused to regard Silver Blue Lake as extending the Duval principle of riparian rights to a body of water created by the digging of some limestone pits. That Court sought to distinguish Silver Blue Lake from the situation before them on the basis that the Supreme Court case was concerned with a factual situation in which "... the water body was specifically incorporated into the subdivision and the deeds of conveyance to the property owner fronting the water contained deed restrictions allowing said owners to use the lake." 315 So.2d at 100. We question whether the Supreme Court's opinion can be so restricted. However, we are not required to answer that question. The Publix case dealt with a property owner's desire to fill in some water filled phosphate pits and thereby *950 cut off a neighboring property owner's access to the surface waters of some of those pits. Our opinion here does not involve the issue set forth in Publix which was brought above when an owner sought to fill in his property which had been submerged artificially. We note specifically that Appellees here do not challenge and have even conceded that Appellants could fill in their land so there is no more lake. They merely assert and we agree that so long as the lake exists Appellants cannot prevent adjoining land owners who own a portion of the lake bottom and their guests from reasonable, lawful use of the entire lake. We believe that the Silver Blue Lake case compels that result.
Accordingly, the final judgment below is AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and THOMPSON, J., concur.