414 So.2d 550 (1982)
Sam BELL, Appellant,
v.
Dr. H.C. ANDERSON, an Individual and American States Insurance Co., a Foreign Corporation, Appellees.
No. AE-368.
District Court of Appeal of Florida, First District.
April 21, 1982.
Rehearing Denied June 10, 1982.
Jerome M. Novey of Frates, Jacobs, Farrar, Novey & Blanton, Tallahassee, for appellant.
Fred M. Johnson and Randolph P. Murrell of Fuller, Johnson & Harrison, Tallahassee, for appellees.
OWEN, WILLIAM C., Jr. (Retired) Associate Judge.
Expressing himself in the common vernacular, Sam Bell threatened to kick a certain *551 portion of Dr. Anderson's anatomy, whereupon Anderson caused to be executed a sworn complaint by which Bell was charged with and tried for the criminal offenses of disorderly conduct and bare assault. Bell was acquitted on both charges. He then filed this action against Anderson for malicious prosecution. The trial court granted a summary final judgment for Anderson, holding that as a matter of law the admitted threat established probable cause for Anderson to initiate criminal proceedings against Bell. We reverse.
Since lack of probable cause for initiating a prior judicial proceeding is an essential element of a cause of action for malicious prosecution, Tatum Bros. Real Estate & Inv. Co. v. Watson, 92 Fla. 278, 109 So. 623 (1926), the existence of probable cause is necessarily a complete defense. Probable cause to have instituted the prior judicial proceeding is defined as a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged. Dunnavant v. State, 46 So.2d 871 (Fla. 1950); Gallucci v. Milavic, 100 So.2d 375 (Fla. 1958); Kelly v. Millers of Orlando, Inc., 294 So.2d 704 (Fla. 4th DCA 1974). In a malicious prosecution action, the existence of probable cause is a question of law to be determined by the court when the facts are without dispute. City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979).
The operative facts surrounding the incident out of which the threat arose are without material dispute.[1] For some period of time Bell and Anderson had been in a continuing dispute over Bell's right to use a certain lake which borders on both Anderson's property and property owned by Bell's brother.[2] On the day of this incident, Bell and his brother were fishing from a rowboat on the lake. Anderson, with his two sons, approached in a motorboat and after a brief conversation with Bell, Anderson and sons departed, only to return shortly thereafter. This time, Anderson's boat came close enough to Bell's rowboat to cut a fishing line and cause Bell's rowboat to rock. At that point, Bell stood up and warned Anderson that should Anderson return and again attempt to cut Bell's fishing line, Bell would "kick his ass." Anderson, who at that time was at least 30 to 40 feet away from Bell's rowboat, did not respond but immediately left the area in his motorboat, apparently to proceed directly to the authorities to initiate the criminal proceedings against Bell.
In order for the words spoken by Bell to Anderson to constitute a breach of the peace or disorderly conduct, as proscribed by Section 877.03, Florida Statutes (1977), the words had to be such which "by their very utterance would inflict injury or tend to incite an immediate breach of the peace." State v. Saunders, 339 So.2d 641 (Fla. 1976). Obviously the words were not such that by their very utterance would inflict injury on Anderson and we need not pursue that facet. However, Anderson argues that the threat was offensive and in the absence of a "disarming smile," amounted to "fighting words," Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942); White v. State, 330 So.2d 3 (Fla. 1976), which would tend to incite an immediate breach of the peace. While we would hope that our civilization had progressed beyond the point where the urge for combat was so easily aroused, we remain cognizant of the realities of life. Nonetheless, given the undisputed circumstances of this case  Bell and his brother in a rowboat, and Anderson and two teen-aged sons in a motorboat separated from Bell by 30 to 40 feet of water  we find no basis upon which Anderson could come to an honest and reasonable belief that the threat, made conditional only upon Anderson repeating the conduct to which *552 Bell objected, would likely incite an immediate breach of the peace and thus be disorderly conduct under the statute. We have not ignored the case of United States v. Sturgill, 563 F.2d 307 (6th Cir.1977), cited by appellee, but we find it unpersuasive because not only was the language which the defendant in that case used much stronger and apparently unconditional, but also, the opinion does not state any facts concerning the circumstances under which the threat was uttered and thus we cannot evaluate the basis upon which the court determined that the language qualified as "fighting words."
Assault, with which Anderson also charged Bell, is defined by Section 784.011(1), Florida Statutes (1977), as an intentional, unlawful threat by word or act to do violence to the person of another, coupled with the apparent ability to do so, and doing some act which creates a well founded fear of such violence being done. Given that Bell made a verbal threat to do violence to the person of Anderson, there still were absolutely no facts or circumstances which could have lead Anderson to an honest and reasonable belief either that (1) Bell had the apparent ability to carry out the threat, seated as he was in a rowboat at least 30 to 40 feet away from Anderson's moving motorboat, or (2) Bell had committed any act subsequent to uttering the threat which would create a well founded fear of such violence being done, the threat at most having been made conditional upon Anderson repeating the conduct to which Bell had objected. While the case of Blanton v. State, 388 So.2d 1271 (Fla. 4th DCA 1980), held that the conditional nature of a threat would not preclude a conviction for assault, the Court in that case correctly noted that the conditional nature of the threat is evidence going to the question of whether the person threatened had a well founded fear that violence was imminent. Dr. Blanton, pointing a shotgun at an officer 30 feet away, said, "I've got five shots in this gun, and if you don't get off my property, I'll blow your heads off!" That is a far cry from the circumstances of this case. Willard v. State, 386 So.2d 869 (Fla. 1st DCA 1980), also cited by appellee, is likewise clearly distinguishable on its facts.
We hold that on the undisputed facts and circumstances recited above, there was no basis upon which a cautious person, acting in good faith, could be led to the honest and reasonable belief that Bell was guilty of either disorderly conduct or bare assault, and thus Anderson acted without probable cause in instituting the criminal proceedings against Bell. The summary judgment in favor of Anderson is reversed and this cause remanded for further proceedings, the lack of probable cause as an element of the malicious prosecution action being herewith determined as a matter of law in favor of Bell.
REVERSED AND REMANDED.
MILLS and WENTWORTH, JJ., concur.
NOTES
[1] Appellee's brief, to counter the thrust of appellant's argument that the existence of factual issues precluded disposition by summary judgment, accurately points out the absence of any dispute on the material facts. Thus, while we agree with appellee in this respect, we disagree as to the legal effect of the undisputed facts.
[2] See, Anderson v. Bell, 411 So.2d 948 (Fla. 1st DCA 1982).