## GUTHRIE v. FLORIDA POWER & LIGHT COMPANY
### Case No. 83-17633 CA 22
Eleventh Judicial Circuit, Dade County
April 24, 1984

Darrey A. Davis, Steel Hector & Davis, for defendant.

Henry N. Adorno, for plaintiffs.

ROBERT P. KAYE, Circuit Judge.

---

This action came to be heard on defendant's motion (and appendix) for summary judgment on the malicious prosecution claim of the plaintiff, William Lain Guthrie, alleged in Count II of the complaint, and plaintiff's memorandum in response to such summary judgment motion. All discovery has been completed, and the action is at issue on

the allegations of the complaint and the amended answer and affirmative defenses.

In determining whether a material factual issue exists, all doubts are resolved against the defendant and all favorable inferences reasonably justified are liberally construed in favor of the plaintiff. Having reviewed the entire record, the Court finds that the pleadings, depositions, answer to interrogatories, admissions on file show that there is no genuine issue as to any material fact, and that defendant is entitled to judgment as a matter of law on the subject malicious prosecution claim.

Plaintiff, William Lain Guthrie ("Guthrie"), sues Florida Power & Light Company ("FPL") to recover compensatory and punitive damages for malicious prosecution. This controversy arises from incidents occurring April 16, 1982, between Guthrie and Roger L. Fritze and W.T. Bethea, employees of FPL. As a result of the incidents, the State Attorney on September 1, 1982, filed an information charging Guthrie with battery and criminal mischief based on reports, statements and allegations made by Fritze and Bethea. On December 8, 1982, the State Attorney dismissed the information by nolle prosequi. Guthrie's action for malicious prosecution was filed on May 17, 1983, claiming that the employees of FPL caused criminal proceedings to be filed against him without probable cause. The threshold question presented for determination is whether there was no probable cause for commencing criminal proceedings against Guthrie.

It is well settled that six elements must be established by the plaintiff in a malicious prosecution action. An essential element is that "There was no probable cause for commencing criminal proceedings." *See Weissman v. K-Mart Corp.*, 396 So.2d 1164, 1167 (Fla. 3d DCA 1981); *Shidlowsky v. National Car Rental Systems, Inc.*, 344 So.2d 903 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 516 (Fla. 1978); *Community National Bank of Bal Harbour v. Burt*, 183 So.2d 731, 733 (Fla. 3d DCA 1966).

As the Supreme Court held in *Gallucci v. Milavic*, 100 So.2d 375, 378 (Fla. 1958), 68 ALR2d 1164:

> All these authorities confirm the view that once a plaintiff
> fails to prove absence of probable cause, he loses his case, . . .

The Supreme Court prescribed the criteria for determining whether probable cause existed for criminal prosecution in *Florida East Coast R. Co. v. Groves*, 55 Fla. 436, 46 So. 294, 296 (1908), as follows:

> Probable cause consists of such reasons as are sufficient to
> create a reasonable belief that a crime has been committed,

and that the party charged was connected therewith. (citation omitted). . . .

*DeMarie v. Jefferson Stores, Inc.*, 442 So.2d 1014, 1017 (Fla. 3d DCA 1984), defines "probable cause" as follows:

Probable cause justifying an arrest or criminal prosecution exists when there is a reasonable ground of suspicion supported by circumstances which warrant a reasonable cautious person to believe that the accused is guilty of the offenses charged. Gallucci v. Milavic, 100 So.2d 910 (Fla. 1956); Lee v. Geiger, 419 So.2d 717 (Fla. 1st DCA 1982).

See also *Sponder v. Brickman*, 214 So.2d 631 (Fla. 3d DCA 1968); *Clements v. Eastern Air Lines, Inc.*, 183 So.2d 264 (Fla. 3d DCA 1966).

Probable cause is a question of law for the Court where the factual circumstances are uncontroverted or admitted. As the Supreme Court held in *City of Pensacola v. Owens*, 369 So.2d 328, 329 (Fla. 1979):

(O)n undisputed or admitted facts, the question of probable cause is one entirely for the court to determine, or, as otherwise stated, that what facts constitute probable cause is a question of law for the court; . . .

And in *Food Fair Stores, Inc. v. Kincaid*, 335 So.2d 560, 563 (Fla. 2d DCA 1976), the court stated:

Where there is no conflict in the testimony as to what the circumstances were, the court has no need for a finding of the jury. The jury is not called upon to act unless there is a conflict in the testimony which presents an issue of fact for its determination.

The decision in *Cazares v. The Church of Scientology of California, Inc.*, 44 So.2d 442, 445 (Fla. 5th DCA 1984), states:

The Church contends correctly that the question of probable cause may be one of law for the court. See City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979) (where facts are undisputed, courts should determine probable cause); Fee, Parker & Lloyd v. Sullivan, 379 So.2d 412 (Fla. 4th DCA), cert. denied, 388 So.2d 1119 (Fla. 1980) (existence or lack of probable cause is a pure question of law for the court to determine, with the resolution of disputed issues of fact a question to be submitted to the jury). . . .

Viewing the evidence most favorable to Guthrie, the record reflects the following summary of facts material to the matter of probable cause:

(1) At approximately 4:30 A.M. on the morning of April 16, 1982, Guthrie was awakened by smoke from the Cutler Power Plant operated by FPL. He summoned the Metro-Dade Police and accompanied them to the home of the Plant Manager, W.T. Bethea. They were unable to arouse Bethea. The police left. At approximately 6:00 A.M. Guthrie returned to Bethea's home, but Bethea did not respond.

(2) At approximately 8:00 A.M. Guthrie went to the main gate of the Cutler Power Plant and used the telephone to call Bethea. Guthrie became angry and ripped out the telephone and threw it over the fence into the plant area. Guthrie testified that the telephone was damaged because he was angry at Bethea and "it seemed appropriate to jerk it out and throw it over the fence."

(3) Bethea and Roger L. Fritze went to Guthrie's home to investigate the damage to the plant telephone. Guthrie admittedly became angry and loud at their visit "to quibble over their telephone which was thrown over the fence." When they attempted to withdraw, Guthrie closely followed, berating them in a loud and angry tone of voice. Guthrie admitted that he "inadvertently" bumped Bethea while he was attempting to leave, and that Guthrie threatened to "give him a good beating right then and there" with the help of his son who was present. Guthrie testified that it would have been a good idea for him and his son to give Bethea a good beating, but he refrained only because his son was unemployed.

(4) While Fritze was seated in the driver's seat of his automobile, attempting to leave the scene, Guthrie angrily reached in and "fingered" Fritze's shirt with an "insulting" "gesture of contempt."

(5) Guthrie then slammed the door on the driver's side of Fritze's automobile as hard as he could. He then pulled the door open as wide as he could, and again slammed the door as hard as he could. Guthrie admitted on deposition that he willfully and intentionally vented his anger on the door "Because I wished to slam the door on these gentlemen, and that was the only door around there I could slam at that point." The photographs of the door included in defendant's appendix to its summary judgment motion show the damage caused by Guthrie, which cost $364.74 to repair.

Section 806.13(1), Florida Statutes, provides:

> A person commits the offense of criminal mischief if he willfully and maliciously injures or damages by any means any real or personal property belonging to another.

The decision in *D.C. v. State of Florida*, 436 So.2d 203, 205 (Fla. 1st DCA 1983), states:

> . . . the clear language of Section 784.03 which states that a person commits criminal battery if he "actually and intentionally touches or strikes another person against the will of the other." The defendant has not referred us to any case law holding that the degree of injury caused by an intentional touching is relevant to determining whether a criminal battery has been committed; rather, it is clear from Section 784.03 that any intentional touching of another person against such person's will is technically a criminal battery. . . .

The admissions made by Guthrie show probable cause existed for a reasonable cautious person to believe he was guilty of a criminal offense. The undisputed facts establish the existence of probable cause as a matter of law under the case law governing malicious prosecution. The existence of probable cause is a complete defense to an action for malicious prosecution. *See Bell v. Anderson*, 414 So.2d 550, 551 (Fla. 1st DCA 1982). The failure to prove the absence of probable cause is fatal to a malicious prosecution claim. *See Gallucci v. Milavic, supra.*

When Bethea and Fritze were permitted to leave, Fritze notified the Metro-Dade Police who came to the scene, made an investigation, interviewed the parties involved, and filed an Incident Report. The police referred Fritze to the State Attorney's office.

Fritze made a Confidential Investigative Report, and Bethea prepared an affidavit, setting out in detail the incidents occurring on April 16, 1982. On April 22, 1982 Fritze furnished his report and the Incident Report of the Metro-Dade Police to the State Attorney's office. In addition, Bethea's affidavit was thereafter furnished.

Fritze testified that he made a full and fair disclosure of all the material facts to the State Attorney's office, as reflected by his report, Bethea's affidavit and the Incident Report of the Metro-Dade Police, and that it was left to the discretion of the State Attorney whether or not Guthrie should be charged with any criminal offense. Fritze's testimony is uncontroverted. It is not disputed by Guthrie, nor disputed by the testimony of the Assistant State Attorney and Legal Assistant who made the decision to prosecute Guthrie by filing an information on

September 1, 1982. Such law enforcement personnel confirmed the exercise of their judgment in filing criminal proceedngs against Guthrie.

There is no liability for merely giving information to legal authorities, who are left free to use their own judgment. *See* Prosser, *Law of Torts* (1971), page 47.

The controlling rule of law is stated in *Adler v. Segal*, 108 So.2d 773, 774 (Fla. 3d DCA 1959), as follows:

> (O)ne who makes a full and fair presentation of all material facts to a prosecuting attorney, relying upon that officer's judgment as to the propriety of a criminal prosecution, can not be held in a later malicious prosecution suit should the prosecution be brought and fail, since the reliance upon this public official is conclusive as to good faith and probable cause. Florida East Coast R. Co. v. Groves, 55 Fla. 436, 46 So. 294; 34 Am. Jur., Malicious Prosecution Sections 72, 78-80; 21 Fla. Jur., Malicious Prosecution Sections 8, 13. Prosser on Torts, 2nd Ed., Section 98. [Emphasis added]

*Restatement of the Law, Torts* 2d, Vol. 3, Section 653(g), page 409, states the rule as follows:

> When a private person gives to a prosecuting officer information that he believes to be true, and the officer in the exercise of his uncontrolled discretion initiates criminal proceedings based upon that information, the informer is not liable . . . The exercise of the officer's discretion makes the initiation of the prosecution his own and protects from liability the person whose information or accusation has led the officer to initiate the proceedings.

On September 1, 1982, the State Attorney decided to file an information charging Guthrie with battery and criminal mischief. The Assistant State Attorney assigned the responsibility of prosecuting Guthrie expressed the view on deposition that probable cause existed to prosecute Guthrie. However, at the trial on December 8, 1982, he announced a nolle prosequi of the charges.

The dismissal of the charges is insufficient to establish the absence of probable cause for filing the criminal proceeding. *See Sponder v. Brickman*, 214 So.2d 631 (Fla. 3d DCA 1968), holding that:

> Acquittal of a person tried for violating the law is not sufficient to establish the absence of probable cause for instituting criminal proceedings. . . .

Also see *Applestein v. Preston*, 335 So.2d 604, 607 (Fla. 3d DCA 1976), cert. denied, 341 So.2d 1034 (Fla. 1976), which holds:

> Nor could the plaintiff rely on his acquittal, as establishing want of probable cause. Acquittal of a person tried for violating law is not sufficient to establish absence of probable cause for instituting criminal proceedings. (citations omitted)

For the reasons stated above, the Court concludes that defendant's motion for summary judgment should be granted. Accordingly,

IT IS ORDERED:

1. That partial summary judgment is entered in favor of the defendant, Florida Power & Light Company, and against the plaintiff, William Lain Guthrie, on plaintiff's cause of action for malicious prosecution alleged in Count II of the complaint.

2. The cause of action for malicious prosecution alleged in Count II of the complaint is hereby dismissed with prejudice. The plaintiff, William Lain Guthrie, shall take nothing by his action for malicious prosecution, and the defendant, Florida Power & Light Company, shall go hence without day as to said action for malicious prosecution.

3. The Court retains jurisdiction for the purpose of taxing appropriate costs and expenses against said plaintiff in connection with the malicious prosecution action pursuant to hearing after notice.