522 So.2d 1053 (1988)
SOUTHLAND CORPORATION, D/B/a 7-Eleven Stores, Appellant,
v.
Daniel Adam BARTSCH, a Minor, Etc., et al., Appellees.
No. 87-1099.
District Court of Appeal of Florida, Fifth District.
April 7, 1988.
*1054 Robert E. Bonner and Sutton G. Hillyard, Jr. of Pitts, Eubanks, Hillyard, Rumbley & Meier, P.A., Orlando, for appellant.
William F. McMurry, Prospect, Ky., and Hubert C. Childress, Jr., of Trachtman, Henderson, Childress, Charpentier and Wright, P.A., Melbourne, for appellees.
DAUKSCH, Judge.
Southland Corporation, d/b/a 7-Eleven Stores, appeals a judgment from a jury verdict awarding $20,000 in compensatory damages and $20,000 in punitive damages for the torts of malicious prosecution and intentional infliction of emotional distress. This case rose from the arrest of Daniel Bartsch, a six year and seven-month old Kindergarten student, for stealing a package of gum from a 7-Eleven store. Southland Corporation contends that probable cause existed for the commencement of the criminal proceeding and therefore the cause of action for malicious prosecution could not be maintained. Southland Corporation also contends that the tort of intentional infliction of emotional distress cannot stand because 7-Eleven did nothing more than assert its rights in a legally permissible way. We agree and reverse.
On April 1, 1986, Bartsch went to the local 7-Eleven although he had been forbidden to do so by his parents. After entering the store, Bartsch went straight to the candy display. Duane Reichert, the 7-Eleven manager, was stocking merchandise and saw Bartsch at the candy and gum display. Reichert saw Bartsch pick up a package of bubble gum, look at it, and then replace the gum. Reichert went to the end of the display rack so he could observe Bartsch better and saw Bartsch pick up the pack of gum and put it in his pocket and head for the front door.
Reichert moved to the front door, noticed that Bartsch did not pay for the gum, and stopped Bartsch before he went out the door of the store. Reichert took Bartsch behind the cashier counter and called the local police. While waiting for the police, Bartsch told Reichert that Reichert could not arrest him because he was just a kid. Bartsch admitted that he had stolen from that 7-Eleven store three other times.[1] When the police arrived, Reichert informed the officer that he wanted to press shoplifting charges against Bartsch. The officer took Reichert's statement and then called his sergeant at the precinct to ask what to do. The sergeant advised the officer to bring Bartsch down to the police station.
At the station, Bartsch was taken to the booking room where he was placed on a table while his parents were called. The officer asked Bartsch his name, his address, his phone number and his age. Bartsch's mother was informed of the charges and then Bartsch was released to her with her agreement to appear at the initial hearing.
The next day Bartsch's mother went to the 7-Eleven and requested that Reichert drop the charge. Bartsch's mother testified that during this conversation Reichert *1055 told her that he wanted to make an example out of Bartsch, that he gave Bartsch enough rope and the child hung himself, and that he put Bartsch through the whole nine yards including threatening him with handcuffs. This testimony was specifically denied by Reichert and Bartsch testified that Reichert only told him that he was going to be arrested. Reichert gave Bartsch's mother the phone number of his immediate supervisor and after several tries, Bartsch's mother reached the supervisor who agreed to drop the charge.
The assistant state attorney filed a notice of nonfiling on the basis that 7-Eleven had dropped the complaint and noted on the file the extreme youth of the offender. Because the charges were dropped, Bartsch was not formally processed through the juvenile justice system. Both the state attorney and the arresting officer testified that there was probable cause to make the arrest. The state attorney also testified that the only reason that the case did not proceed through the juvenile justice system was because 7-Eleven dropped the charges. The state attorney concluded that if 7-Eleven did not want to press charges that justice would not be served by pursuing the case because of the youth of the child.
Shortly after 7-Eleven dropped the charges, Bartsch's mother filed a civil action against Southland Corporation d/b/a 7-Eleven Stores for false imprisonment, malicious prosecution and intentional infliction of emotional distress. The jury returned a verdict in favor of 7-Eleven on the false imprisonment count but in favor of Bartsch on the malicious prosecution and intentional infliction of emotional distress counts.
Lack of probable cause is an essential element of the cause of action for malicious prosecution and if probable cause does exist in a case the cause of action for malicious prosecution will not lie. Clements v. Eastern Airlines, Inc., 183 So.2d 264 (Fla. 3d DCA 1966); accord Union Oil of California, Amsco Division v. Watson, 468 So.2d 349 (Fla. 3d DCA 1985); Cazares v. Church of Scientology of California, Inc., 444 So.2d 442 (Fla. 5th DCA 1983); Gatto v. Publix Supermarkets, Inc., 387 So.2d 377 (Fla. 3d DCA 1980). The facts and circumstances needed to establish probable cause are a pure question of law to be answered by the court. Whether the facts and circumstances exist or not in any particular case is a pure question of fact. The question of probable cause is only submitted to the jury when the facts are in controversy. City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979); Glass v. Parrish, 51 So.2d 717 (Fla. 1951). Clearly, the essential facts are not in dispute in this case because Reichert saw Bartsch steal the gum and Bartsch admitted to stealing the gum and that stealing was wrong. Therefore, the trial court should have determined whether probable cause existed as a matter of law.
The determinative factor as to the existence of probable cause is whether the suit was brought with a reasonable prospect of success. City of Pensacola v. Owens; Phelan v. City of Coral Gables, 415 So.2d 1292 (Fla. 3d DCA 1982); Weissman v. K-Mart Corp., 396 So.2d 1164 (Fla. 3d DCA 1981). Bartsch contends that a sixyear-old child cannot possibly form the intent to steal and relies on Clay v. State, 143 Fla. 204, 196 So. 462 (1940). Bartsch concludes that had Reichert investigated the case, as a cautious man should have, Reichert would have learned the child's age. See e.g., Harris v. Lewis State Bank, 482 So.2d 1378 (Fla. 1st DCA 1976); Kelly v. Millers of Orlando, 294 So.2d 704 (Fla. 4th DCA 1974).
However, under Chapter 39, Florida Statutes, any child under the age of eighteen can be charged with a violation of the law. State v. D.H., 340 So.2d 1163 (Fla. 1976); McCray v. State, 424 So.2d 916 (Fla. 4th DCA 1982); § 39.01(7), Fla. Stat. (1985). This is consistent with Article I, section 15(b) of the Florida Constitution which provides that a child as defined by the law may be charged with a violation of the law as an act of delinquency instead of a crime. Therefore, Bartsch's age is irrelevant to the arrest and initiation of juvenile proceedings. Further, malice and a favorable determination of the criminal proceedings is *1056 insufficient to show a lack of probable cause. Ward v. Allen, 152 Fla. 82, 11 So.2d 193, 152 Fla. 82 (1942); Clements v. Eastern Airlines, Inc., 183 So.2d at 266. Whether a person is acquitted or there is a dismissal of the charges does not establish lack of probable cause. In Phelan v. City of Coral Gables, the charges were dismissed for lack of criminal intent but the first district still held that there was probable cause to institute the criminal proceedings.
The assistant state attorney and the arresting officer clearly stated that there was probable cause to arrest Bartsch. This testimony along with the undisputed facts and admission of the child that he stole the gum clearly indicate that probable cause existed as a matter of law and the trial court erred in submitting the question of malicious prosecution to the jury.
The tort of intentional infliction of emotional distress also cannot stand in this case because Reichert did nothing more than assert 7-Eleven's rights in a legally permissible way. See Metropolitan Life Ins. Co. v. McCarson, 467 So.2d 277, 279 (Fla. 1985). To establish intentional infliction of emotional distress, the conduct as a matter of law must be so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency. However, the conduct is privileged and the actor is never liable where he does no more than insist upon his legal rights in a permissible way, even though the actor is well aware that such insistence is sure to cause emotional distress. § 46(d) Restatement 2d of Torts (1965). Further, the subjective response of the person who is the target of the actor's conduct does not control the question of whether the tort occurred. Ponton v. Scarfone, 468 So.2d 1009 (Fla. 2d DCA 1985).
The conduct in this case was clearly within 7-Eleven's legal rights and the testimony of Reichert and Bartsch indicates that the rights were asserted in a permissible way. Therefore, as a matter of law, the conduct was privileged and the question of intentional infliction of emotional distress should not have been submitted to the jury.
We find that the causes of action for malicious prosecution and intentional infliction of emotional distress do not lie in this case as a matter of law. The jury award for compensatory and punitive damages is reversed.
REVERSED.
SHARP, C.J., and COWART, J., concur.
NOTES
[1] Daniel Bartsch testified through deposition which was read and admitted into evidence at the trial.