COBB, Judge.
Steven Butler, charged with resisting an officer with violence, was convicted of the permissive lesser included offense of resisting an officer without violence. On appeal he correctly contends that the state’s evidence at trial failed to show that the officer had probable cause to believe he was effectuating a legal arrest, which is an essential element of the offense. Robinson v. State, 550 So.2d 1186 (Fla. 5th DCA 1989).
The arresting officer’s proffered testimony in regard to the legality of the arrest, which was improperly excluded by the trial judge, clearly revealed that the arrest was based on a sworn statement from the complainant, Butler’s ex-girlfriend, that he had threatened to physically harm her “if she was around any other male.” The statement does not indicate any overt act threatening violence. It sets out a conditional threat to do injury at some unspecified future time based upon a possible eventuality, and this does not constitute an assault. An^ assault is “an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.” § 784.011(1), Fla.Stat. (1991); see also, Johnson v. Brooks, 567 So.2d 34 (Fla. 1st DCA 1990); Bell v. Anderson, 414 So.2d 550 (Fla. 1st DCA), rev. denied, 424 So.2d 760 (Fla.1982). Therefore, the attempt to arrest Butler was unlawful, and the trial court should have granted his motion for judgment of acquittal on the charge of resisting without violence at the conclusion of the state’s case.
Accordingly, Butler’s conviction and sentence are reversed.
REVERSED.
DAUKSCH and GRIFFIN, JJ., concur.