799 So.2d 330 (2001)
L.C., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-129.
District Court of Appeal of Florida, Fifth District.
October 12, 2001.
*331 James B. Gibson, Public Defender, and Jane C. Almy-Loewinger, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R. B., J.
L.C., a child, appeals the trial court's order withholding adjudication of delinquency and placing her on probation for aggravated assault with a deadly weapon, in violation of section 784.021(1)(a), Florida Statutes (2000). L.C. argues that the State failed to prove the essential elements of the charge. We agree and reverse.
At the adjudicatory hearing, the State's only witness, D.J., the alleged victim, testified that on August 19, 2000, she was in her apartment watching her younger brother and sister, when, at approximately 10:00 p.m., she heard a loud knock on her bedroom window. She ran to the living room, looked out the locked sliding glass door and observed L.C. and several other people. L.C. waived a gin bottle in the air and told D.J. to "come out the door ... I'm going to beat your ass." Although no one tried to enter the locked apartment, *332 D.J. called the police because she was scared.
At the close of the State's case, L.C. moved for a judgment of acquittal arguing that the State had failed to prove the essential elements of the crime. The court denied the motion. A motion for judgment of acquittal is designed to challenge the legal sufficiency of the evidence. If the State presents competent evidence to establish each element of the crime, a motion for judgment of acquittal should be denied. State v. Williams, 742 So.2d 509, 510 (Fla. 1st DCA 1999). The court should not grant a motion for judgment of acquittal unless the evidence, when viewed in a light most favorable to the State, fails to establish a prima facie case of guilt. Dupree v. State, 705 So.2d 90, 93 (Fla. 4th DCA 1998). In moving for a judgment of acquittal, a defendant admits not only the facts stated in the evidence, but also every reasonable conclusion favorable to the State that a jury (or judge in a non-jury trial) might fairly infer from the evidence. Lynch v. State, 293 So.2d 44, 45 (Fla.1974). It is the trial judge's duty to review the evidence to determine the presence or absence of competent evidence from which a jury (or the judge) could infer guilt to the exclusion of all other reasonable inferences. State v.. Law, 559 So.2d 187, 189 (Fla.1989). We review the record de novo to determine whether sufficient evidence supports the verdict. Williams, 742 So.2d at 511.
To prove aggravated assault, the State must prove that:
1. L.C. intentionally and unlawfully threatened, either by word or act, to do violence to D.J.
2. At the time, L.C. appeared to have the ability to carry out the threat.
3. L.C.'s act created a well-founded fear in the victim's mind that violence was about to take place.
4. The assault was made with a deadly weapon.
See § 784.021(1)(a), Fla. Stat. (2000).
L.C. argues that because D.J. was inside a locked apartment, L.C. did not have, or appear to have, the ability to carry out the threat. We agree. To commit an assault, there must not only be a threat to do violence but there must be an apparent ability to carry out that threat. See § 784.011(1), Fla. Stat. (2000). No evidence was introduced to indicate that L.C. attempted to enter D.J.'s apartment or that D.J. ever came outside. The threat in this case, that D.J. would be beaten if she came outside, was at best, a "conditional threat to do injury at some unspecified future time based upon a possible eventuality." Butler v. State, 632 So.2d 684, 685 (Fla. 5th DCA 1994). Taking the evidence in a light most favorable to the State, we conclude that L.C. had no apparent ability to carry out her threat, an essential element of the crime. While L.C.'s conduct may have constituted disorderly conduct, it did not constitute an aggravated assault. Accordingly, the trial court erred in denying L.C.'s motion for judgment of acquittal.
REVERSED AND REMANDED.
PETERSON and PLEUS, JJ., concur.